UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE FLEURY, *et al.*,

    Plaintiffs,

v.

RICHEMONT NORTH AMERICA, INC.,

    Defendant.
_____/

No. C-05-4525 EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST TO LIMIT MR. FLEURY'S COMMUNICATIONS WITH MEMBERS OF POTENTIAL SUBCLASS**

    Pending before the Court is Defendant's request for an order requiring that certain procedures be observed by the parties and their counsel with respect to any proposed communication with a member or members of the potential watchmaker subclass regarding any aspect of this litigation or its settlement. A hearing was held before the Court on August 6, 2007. Having considered Defendant's brief and accompanying submissions, as well as the oral argument of all counsel and Plaintiff Mr. Fleury, the request is hereby **GRANTED** in part and **DENIED** in part.

## I. DISCUSSION

    This issue arose when Andre Fleury, one of the named Plaintiffs and currently the proposed class representative for the putative watchmaker subclass, began posting messages on an online discussion group for the American Watchmakers and Clockmakers Institute ("AWCI"). These messages disparage a tentative class settlement herein as well as his counsel and Defendant. At the August 6 hearing, Mr. Fleury represented to the Court that the online discussion group has about five hundred members and allows postings by registered members only. Mr. Fleury's postings have included statements about Defendant, defense counsel, his current counsel (also counsel for the

1 proposed class), and the proposed settlement. Defendant asserts that Mr. Fleury's allegedly
2 disparaging and misleading communications have endangered the integrity of the current lawsuit
3 and settlement and express concern about future communications that Mr. Fleury may have.[1]
4 Accordingly, Defendant asks that the Court require that certain procedures be followed before any
5 party, including Mr. Fleury, be allowed to communicate with potential members of the watchmaker
6 subclass.

7 Defendants argue that the Court has the authority to impose the above procedures pursuant to
8 Federal Rule of Civil Procedure 23(d). Under Rule 23(d), a court may make appropriate orders
9 "requiring, for the protection of the members of the class or otherwise for the fair conduct of the
10 action, that notice be given in such manner as the court may direct to some or all of the members of
11 any step in the action or of the proposed extent of the judgment, or of the opportunity of members to
12 signify whether they consider the representation fair and adequate, to intervene and present claims or
13 defenses, or otherwise to come into the action." Fed. R. Civ. P. 23(d)(2). In addition, a court may
14 make appropriate orders "imposing conditions on the representative parties or on intervenors." Fed.
15 R. Civ. P. 23(d)(3).

16 The Supreme Court has acknowledged that, under Rule 23(d), a court has the authority to
17 issue an order limiting communications between the parties and potential class members. However,
18 the Supreme Court has specified that "an order limiting communications between parties and
19 potential class members should be based on a clear record and specific findings that reflect a
20 weighing of the need for such a limitation and the potential interference with the rights of the
21 parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). "[S]uch a weighing -- identifying the
22 potential abuses being addressed -- should result in a carefully drawn order that limits speech as
23 little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102. *See,*

---

[1] Pending the hearing on this issue, the parties stipulated that Mr. Fleury "will not solicit, make comments, or respond to other watchmakers' questions between now and the settlement conference on 8/6/07." Docket No. 108. In spite of this stipulation, Mr. Fleury made a posting on the AWCI discussion board, informing the members that he could not make any posting for a certain time period. *See* Ghallagher Decl., Ex. A (Fleury post, dated July 26,2007). Although Mr. Fleury thus violated the stipulation, the Court shall not sanction Mr. Fleury for this particular violation because the prejudicial effect of this statement is minimal at best.

1 *e.g.*, *Waldo v. Lakeshore Estates, Inc.*, 433 F. Supp. 782, 790-91 (E.D. La. 1977) (describing
2 potential abuses associated with communications with class members such as "the increased
3 opportunities of the parties or counsel to 'drum up' participation in the proceeding," "obvious
4 potential for confusion" due to misrepresentations, as well as the adverse affect on the
5 "administration of justice").

6       In the instant case, Defendant has provided evidence establishing that Mr. Fleury's
7 communications pose a real threat to the integrity of the lawsuit and potential settlement. Not only
8 have postings made by Mr. Fleury contained incorrect information, *see, e.g.*, Gallagher Decl., Ex. D
9 (Fleury post, dated July 18, 2007) (claiming that the litigation is taking place before a different
10 court), but also -- and more important -- they have contained misleading information. For example:

- Mr. Fleury repeatedly states that his counsel (also counsel for the proposed class) will obtain a "large bonus" from Defendant under the proposed settlement. *See id.*, Ex. C, E, F, G (Fleury post, dated July 16-17, 2007). In fact, Rule 23, which governs class actions, does not allow for bonuses for lawyers. *See* Fed. R. Civ. P. 23. Rather, Rule 23 only provides for an attorney's fee award for class counsel, and fees are only available when the action has been certified by the court as a class action. More important, under the rule, only reasonable fees may be awarded and that determination is made by the court. Finally, before the court can award any fee, class members, as well as any party against whom payment is sought, are given the opportunity to oppose a request for fees. *See* Fed. R. Civ. P. 23(h).
- In one of his postings, Mr. Fleury states that he is the representative for the watchmaker subclass. *See* Gallagher Decl., Ex. C (Fleury post, dated July 16, 2007). In fact, the Court has not yet certified any class in this action, nor has it designated Mr. Fleury as an adequate representative for the class. *See* Fed. R. Civ. P. 23(a) (providing that a class member may sue on behalf of all only if, *inter alia*, the claims of the representative are typical of the claims of class and the representative will fairly and adequately protect the interests of the class).

27       That there is a real threat to the integrity of the lawsuit and potential settlement is
28 underscored by the fact that there have been multiple responses to Mr. Fleury's postings. For

3

instance, in one response, a person states that "they [Plaintiff's lawyers] are guilty of a very serious ethical violation." *See id.*, Ex. I (Bertram post, dated July 18, 2007). Mr. Fleury has also represented to the Court that he has received more than seventy replies to his postings, each stating that they will accept no one other than himself as the representative of the watchmaker subclass. Based on the record, the Court concludes that there is an established need for a limitation on the communications between the parties and the members of the potential subclass.

While a limitation of some kind is appropriate, the Court must be mindful of First Amendment concerns, in particular, prior restraints on speech. *See Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1207 (11th Cir. 1985) ("With respect to commercial and noncommercial speech alike, 'the first amendment protects against erroneously imposed prior restraints of excessive duration.'"). A restraint on speech must not "sweep" any "more broadly than necessary." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973). To ensure that a restraint is not excessive in nature and duration, an order limiting speech should be "precise" and narrowly "tailored" to achieve the "pin-pointed objective" of the "needs of the case." *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 183-84 (1968).

Defendant's proposed order is a prior restraint on speech, even if designed to ensure against misleading or inaccurate information. It requires that parties be notified of any proposed communications and that a good-faith attempt be made to resolve any objections by meet and confer, failing which, the objections be brought before this Court. By requiring screening of and acquiescence to, or Court approval of, every prospective communication, the proposed order is an unduly broad prior restraint on speech. Moreover, the proposed order is plagued by workability problems. The Court would, in essence, have to conduct mini-trials to determine whether a proposed communication to the potential subclass contained accurate or inaccurate information. Thus, while the Court agrees with Defendant that an order limiting communications is necessary, it does not find the proposed order appropriate as per the demands of this case.

Availability of less restrictive alternatives is, if not dispositive, an essential factor that a court must consider before ordering a restraint on speech. *See Gulf Oil*, 452 U.S. at 104 ("There certainly is no justification for adopting verbatim the form of order recommended by the Manual for Complex

4

Litigation. . . . Other, less burdensome remedies may be appropriate."). One possible less restrictive alternative is counterspeech; as often noted, the usual cure for false speech is more speech. *See Kleiner*, 751 F.2d at 1206 n.27. Counterspeech in this case, however, is not a plausible alternative since the online discussion group does not appear to be one open to Defendant (or present counsel for Mr. Fleury). Another possible alternative would be providing notice to all parties that a communication has been made and sharing the contents of the communication. *See Gulf Oil*, 452 U.S. at 104 n. 20 (noting that "an order requiring parties to file copies of nonprivileged communications to class members with the court may be appropriate in some circumstances"). This would allow parties to remain abreast of all communications to ensure that the potential class is not being given inaccurate or misleading information. However, this alternative is ultimately most helpful where counterspeech is possible and, as noted above, it is not a plausible option for Defendant (or present counsel for Mr. Fleury). Finally, another possible alternative is curative speech, including but not limited to curative speech from the court. *See EEOC*, 102 F.3d at 870-71(taking note of district court order that a second, corrective letter follow the first, contested letter); *Bradford v. Union Pac. R.R. Co.*, No.05-CV-4075, 2006 U.S. Dist. LEXIS 37910, at *3 (W.D. Ark. June 7, 2006) (ordering that defendants ensure their communications with unrepresented putative class members do not amount to solicitation, and subsequently approving defendants' form letter that adequately disclosed to potential class members the pendency of the class action and their right to secure counsel); *Ralph Oldsmobile, Inc. v. GMC*, No. 99 Civ. 4567, 2001 U.S. Dist. LEXIS 13893, at *20-21 (S.D.N.Y. Sept. 7, 2001) (ordering that corrective notice be sent to potential members of putative class); *Georgine v. Amchem Prods.*, 160 F.R.D. 478, 502 (E.D. Pa. 1995) (ordering curative notice to those class members who originally opted out due to false information). Curative speech by a court, however, often entails workability problems similar to those described above. In this respect, curative speech that can be made a part of the speaking party's speech as a form of mandated disclosure is a better option.

Taking into account both the threat to the integrity of the lawsuit and potential settlement and Mr. Fleury's First Amendment rights, the Court finds that the appropriate limitation on

communications between Mr. Fleury and putative members of the watchmaker subclass is as follows.[2]

(1) Any communication regarding any aspect of this litigation or its proposed settlement -- whether written or oral -- shall include the following disclaimer: "MY STATEMENTS ABOUT THIS LITIGATION AND THE PROPOSED SETTLEMENT EXPRESS MY OWN OPINIONS AND DO NOT REFLECT THE VIEWS OF THE COURT OR ANY OTHER PARTY. THE COURT WILL ISSUE AN OFFICIAL COMMUNICATION REGARDING THE LITIGATION, THE TERMS OF THE PROPOSED SETTLEMENT, AND THE RIGHTS OF THE POTENTIAL CLASS MEMBERS WITH RESPECT TO THE PROPOSED SETTLEMENT. YOU SHOULD REVIEW THE COURT'S OFFICIAL NOTICE BEFORE FORMING YOUR OWN OPINIONS ABOUT THIS MATTER." If the communication is written, the disclaimer shall be presented immediately *before* the substantive communication in a prominent place and shall appear in at least the same size and font as the remainder of the communication. If the communication is oral, the disclaimer shall be presented *before* the substantive communication. Parties and their counsel are barred from making any commentary on the disclaimer other than to explain that they are required by order of the Court to make the disclaimer.

(2) *In addition*, for any communication to putative members of the watchmaker subclass regarding any aspect of this litigation or its proposed settlement -- whether written or oral -- Mr. Fleury shall give all counsel and this Court notice that a communication has been made.[3] For a written communication, notice shall be provided within two (2) business days following the written communication and shall include a copy of the written communication. If it is not apparent from the face of the written communication when the communication was

---

[2] In imposing the following limitation, the Court has taken into account Defendant's proposed limitation and Mr. Fleury's undated letter, which the Court received on August 13, 2007, which comments on Defendant's proposed limitation. For the most part, Defendant's proposed limitation is reasonable (as modified below).

[3] Copies shall be sent to: (1) Bruce Simon, Pearson, Simon, Soter, Warshaw & Penny LLP, 44 Montgomery Street, Suite 1200, San Francisco, CA 94104; and (2) Geoffrey Spellberg, Meyers, Nave, Riback, Silver & Wilson, 575 Market Street, Suite 2600, San Francisco, CA 94105.

6

1 made and who the recipient of the written communication was, that information shall also be
2 provided as part of the notice. For an oral communication, notice shall be provided within
3 two (2) business days following the oral communication and shall include the following
4 information: (1) the date of the communication, (2) the person to whom the communication
5 was made, (3) the substance of the communication, and (4) a certification provided under
6 penalty of perjury that the disclaimer was given.[4]

7 Mr. Fleury's contention that the proposed limitation is unduly burdensome is rejected. Mr. Fleury has chosen to be a part of this lawsuit, and litigation comes with burdens. Moreover, there is no undue burden since the limitation is only applicable to communications about the litigation and its proposed settlement; it does not constrain Mr. Fleury from communicating with other watchmakers about, *e.g.*, the repair of watches. Mr. Fleury's contention that the limitation violates his right to privacy is also rejected. The Supreme Court specifically acknowledged in *Gulf Oil* that the sharing of communications could be an appropriate remedy. *See Gulf Oil*, 452 U.S. at 104 n. 20 (noting that "an order requiring parties to file copies of nonprivileged communications to class members with the court may be appropriate in some circumstances"). Finally, for the reasons discussed above, Mr. Fleury's contention that the limitation violates his right to free speech is rejected. The order does not impose a prior restraint on speech. It requires a disclosure, not articulation of any substantive content which might erroneously be attributed to him.

19 Failure to abide by this Court's order shall subject the violating party to sanctions, including but not limited to contempt of Court. The parties are also forewarned that this order does not foreclose the Court from ordering a more restrictive alternative if necessary to protect the integrity of the lawsuit and potential settlement.

///
///
///

---

[4] The Court assumes that prior to issuance of class notice, neither Defendant and its counsel nor Plaintiffs' counsel intends to communicate with unnamed class members about this case, except for Plaintiffs' counsel's efforts to recruit additional class representatives or obtain evidence in support of its motion for class certification.

7

## II. CONCLUSION

For the foregoing reasons, the Court hereby grants in part and denies in part Defendant's motion. In addition, the Court hereby orders that Defendant's motion (*see* Docket No. 110), be unsealed as it does not contain any confidential information. Accordingly, Defendant's administrative motion to seal, *see* Docket No. 111, is denied.

Plaintiffs' counsel is directed to serve this order immediately upon receipt to Mr. Fleury via facsimile and mail.

IT IS SO ORDERED.

Dated: August 15, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge