Bruce L. Simon (Bar No. 96241)
  bsimon@psswplaw.com
Esther L. Klisura (Bar No. 221171)
  eklisura@psswplaw.com
**PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Geoffrey Spellberg (Bar No. 121079)
  gspellberg@meyersnave.com
**MEYERS, NAVE, RIBACK, SILVER & WILSON**
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 837-0456
Facsimile: (415) 398-2625

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRÉ FLEURY, d/b/a SWISS WATCH CO., on behalf of himself and all other similarly situated watchmakers, and LIZ HART, on behalf of herself and all others similarly situated consumers,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RICHEMONT NORTH AMERICA, INC., a Delaware corporation and successor to Cartier, Inc.,<br><br>    Defendant. | Case No. C05-4525 EMC<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ANDRÉ FLEURY AND MOTION TO INTERVENE AND FILE SECOND AMENDED COMPLAINT**<br><br>Date:    August 22, 2007<br>Time:    3:00 p.m.<br>Ctrm:    C, 15th Floor<br><br>Honorable Edward M. Chen |

Pearson, Simon, Soter, Warshaw & Penny, LLP and Meyers, Nave, Riback, Silver & Wilson (hereinafter collectively referred to as "proposed class counsel") hereby reply to plaintiff André Fleury's August 16, 2007 and August 17, 2007 letters responding to the pending motions.  For the reasons below, counsel respectfully request that both motions be granted.

**1. Motion to Withdraw**

Mr. Fleury's August 16 letter states that the motion to withdraw is "accepted with the understanding that I bear no liability or obligation toward the above mentioned companies."  Any liabilities or obligations that Mr. Fleury may have to proposed class counsel are governed by the attorney client agreement between them and applicable law.  Therefore, this caveat is not something the Court needs to decide now.  Based on the August 16 letter and Mr. Fleury's prior statement to the Court that "Mr. Simon and Mr. Spellberg no longer represent me," there is clearly no dispute that withdrawal is appropriate.  Mr. Fleury's non-opposition, however, does not moot the motion.  Civil Local Rule 11-5 does not allow counsel to withdraw "until relieved by order of Court."  Accordingly, proposed class counsel respectfully request that the Court enter the proposed order submitted with the moving papers.

**2. Motion for Leave to Intervene and File Second Amended Complaint**

Mr. Fleury's August 17 letter appears to state three objections to allowing the addition of Messrs. Mertaban, Warner and Cleves as plaintiffs.  First, Mr. Fleury states that the proposed Second Amended Complaint is "repetitive" and does not bring anything new to the case.  Mr. Fleury correctly observes that the allegations in the Second Amended Complaint are the same as in the operative complaint.  Inasmuch as the reason for the amendment is to add class representatives, none of the substantive allegations need change.  Second, Mr. Fleury argues that Messrs. Cleves and Warner are not appropriate class representatives because they are active officials with the American Watchmakers-Clockmakers Institute ("AWCI") and thus have a conflict of interest.  This argument is not supported by the facts.

1  The AWCI Board of Directors is made up of thirteen members which include nine
2  members elected directly by the AWCI membership, one director appointed by the AWCI
3  Research and Education Counsel, one member appointed by the AWCI's Advisory Board,
4  and one member appointed by the Affiliate Chapters of AWCI. *See* Declaration of T.
5  Scott Gilligan ("Gilligan Decl."), ¶ 5. The AWCI's Advisory Board is comprised of 22
6  watch manufacturers and others from the horological field. *See* Gilligan Decl., ¶ 3.
7  Proposed interveners Dennis Warner and Charles Cleves were both elected to the AWCI
8  Board of Directors by the general membership of the AWCI, not the Advisory Board. *See*
9  Gilligan Decl., ¶¶ 6, 7. Accordingly, neither Mr. Warner nor Mr. Cleves has any conflict of
10 interest with members of the putative class, many of whom will be general members of the
11 AWCI.

12  Third, Mr. Fleury argues that Mr. Warner is not a proper class representative
13 because he is employed by a jewelry store as opposed to being an owner/operator of a
14 watch repair shop. None of the complaints filed in this action construed "independent
15 watchmaker" that restrictively. Rather, the term was used to refer to watchmakers who are
16 outside of the existing distribution network for Cartier watch parts, and are therefore
17 independent of defendant. Based on this definition of the class, Mr. Warner is a member
18 of the putative class and has standing to seek intervention.

20 DATED: August 20, 2007          **PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP**

By:  _____/S/_____
          BRUCE L. SIMON

*Attorneys for Plaintiffs and the Class*