Bruce L. Simon (SBN 96241)
PEARSON, SIMON, SOTER, WARSHAW & PENNY LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
Email: bsimon@psswplaw.com

Geoffrey Spellberg (SBN 121079)
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767
Email: gspellberg@meyersnave.com

*Attorneys for Plaintiffs Mike Mertaban, Dennis Warner, Charles Cleves, Liz Hart and the Proposed Class*

Amanda J. Gallagher (*pro hac vice*)
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: amanda.gallagher@linklaters.com

*Attorneys for Defendant Richemont North America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRÉ FLEURY, d/b/a SWISS WATCH CO., MIKE MERTABAN, d/b/a WATCH EXPERTS, DENNIS WARNER, and CHARLES CLEVES, on behalf of themselves and all other similarly situated watchmakers, and LIZ HART, on behalf of herself and all others similarly situated consumers,<br><br>        Plaintiffs,<br><br>    vs.<br><br>RICHEMONT NORTH AMERICA, INC.,<br><br>        Defendant. | Case No. C05-04525 EMC<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT** |

1    Plaintiffs Mike Mertaban, Dennis Warner, Charles Cleves, and Liz Hart ("Settling Plaintiffs"), on the one hand, and defendant Richemont North America, Inc. on the other hand, have entered into a Stipulation of Settlement dated September 12, 2007 ("Settlement Agreement").  The Settlement Agreement provides for the Settling Plaintiffs to settle all of their individual claims, as well as the claims of the sub-classes they seek to represent.  The Settlement Agreement, together with the documents and exhibits incorporated therein, sets forth the terms and conditions for the proposed settlement.

On September 12, 2007, the Settling Plaintiffs and Defendant filed a Joint Motion for Preliminary Approval of Proposed Class Settlement.  Having considered the Settlement Agreement and exhibits, the Joint Motion for Preliminary Approval, the pleadings and other papers on file in this action, the statements of counsel and the parties, the Court finds that the Joint Motion for Preliminary Approval should be GRANTED and that this Order should be entered.  Terms and phrases used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby gives its preliminary approval to the Settlement Agreement, subject to the Final Approval Hearing for purposes of deciding whether to grant final approval to the settlement.

2.    Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies for settlement purposes only the following Settlement Class:

> <u>Watchmaker Settlement Sub-Class</u>: All watchmakers or watch repairers in the United States operating as of the date of Preliminary Approval which are not authorized Cartier dealers or authorized Cartier repair shops as of the date of Preliminary Approval.

> <u>Consumer Settlement Sub-Class</u>: All persons who currently own or previously owned a Cartier watch and who had their Cartier watch repaired or serviced in the United States at a Defendant-owned Cartier boutique or directly by Defendant at any time between January 1, 2003 and the date of Preliminary Approval of the Settlement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT
Case No. C05-04525 EMC                                1

1 | The Court expressly reserves the right to determine, should the occasion arise, whether the above-captioned lawsuit may be certified as a class action for purposes other than settlement, and Defendant retains the right to assert that the lawsuit may not be certified as a class action except for settlement purposes.

3. The Court hereby appoints the following attorneys to act as Settlement Class Counsel:

> Bruce L. Simon
> Esther L. Klisura
> PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
> 44 Montgomery Street, Suite 1200
> San Francisco, CA  94104
>
> Geoffrey Spellberg
> MEYERS, NAVE, RIBACK, SILVER & WILSON
> 575 Market Street, Suite 2600
> San Francisco, CA  94105

4. The Court hereby appoints Mike Mertaban, Dennis Warner, and Charles Cleves as the representatives of the Watchmaker Settlement Sub-Class.

5. The Court hereby appoints Liz Hart as the representative of the Consumer Settlement Sub-Class.

6. The Court finds that the proposed settlement is sufficiently fair, reasonable and adequate to allow dissemination of notice of the proposed settlement to the members of the Settlement Class.  The Court finds that the notice plan set forth in the Settlement Agreement is the best practicable notice and that it complies with due process.  This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class Members and to hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

7. The Court appoints as Settlement Administrator:

> The Garden City Group, Inc.
> P.O. Box 9196
> Dublin, OH 43017-4196

8. The Court approves the form of long form notice attached hereto as Exhibit A ("Long Form Notice"), and the Court approves the form of publication notice attached hereto as Exhibit B ("Publication Notice").  The Court directs that within ten (10) days after the date of this Order, Defendant shall deliver to the Settlement Administrator what Defendant believes in good faith to be a complete listing of the names and last known addresses of those persons who are members of the Consumer Settlement Sub-Class.  The Court further directs the Settlement Administrator to address by first class mail, postage pre-paid by Defendant, the Long Form Notice postmarked by the Notice Date, which is forty-five (45) calendar days after the date of this Order unless extended by Order of this Court, to each such person by United States Mail at the last recorded address provided by Defendant.  The Settlement Administrator shall promptly re-mail any notices returned by the Postal Service with forwarding addresses that are received by the Settlement Administrator.  The costs of administration shall be borne by the Defendant.

9. On or before the Notice Date, the Settlement Administrator shall publish the Publication Notice in one issue each of *Horological Times*, *Watch Time*, *Watch & Jewelry Review*, *Clocks magazine*, *hr:WATCHES*, and two consecutive issues of *The Wall Street Journal*.

10. The Settlement Administrator shall maintain an Internet website from on or before the Notice Date through the Effective Date (as defined in the Settlement Agreement).  The website shall include, at a minimum, downloadable copies of the Long Form Notice and the Settlement Agreement (including exhibits).

11. The Court finds that taken together, mailing of the Long Form Notice, publication of the Publication Notice, and Internet posting of the Long Form Notice are: (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and

1. (iv) meet all applicable requirements of due process and any other applicable requirements under federal and California law.

12. The Court orders the Settlement Administrator to file proof of mailing of the Long Form Notice, publication of the Publication Notice, and maintenance of the Internet website containing the Long Form Notice at or before the Final Approval Hearing.

13. Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Long Form Notice and the Publication Notice and submit an appropriate and timely request for exclusion postmarked no later than forty-five (45) calendar days after the Notice Date to the Settlement Administrator at the address provided in the notice.

14. Any Settlement Class Member who does not timely request exclusion as set forth in the Long Form Notice and Publication Notice shall be preliminarily enjoined from: (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the lawsuit and/or the Released Claims, as defined in the Settlement Agreement; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the lawsuit and/or the Released Claims; and (iii) attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the lawsuit and/or the Released Claims.

15. Any Settlement Class Member who does not timely request exclusion as set forth in the Long Form Notice and Publication Notice shall be bound by all proceedings,

1  orders, and judgments in the Lawsuit, even if such member of the Settlement Class has
2  previously initiated or subsequently initiates individual litigation or other proceedings
3  encompassed by the Released Claims.

4        16.    Any Settlement Class Member who does not timely request exclusion as set
5  forth in the Long Form Notice and Publication Notice, and who wishes to object to the
6  fairness, reasonableness, or adequacy of the proposed settlement must submit to the
7  Settlement Administrator (who shall forward it to Settlement Class Counsel and Counsel
8  for Defendant) and to file with the Court no later than forty-five (45) calendar days after
9  the Notice Date, a statement of the objection as well as the specific reasons (if any) for
10 each objection, including any legal support the Settlement Class Member wishes to bring
11 to the Court's attention and all evidence the Settlement Class Member wishes to introduce
12 in support of his or her objection or be forever barred from objection.

13       17.    Any attorney hired by a Settlement Class Member at the sole expense of that
14 Settlement Class Member for the purpose of objecting to the proposed settlement shall
15 provide to the Settlement Administrator (who shall forward it to Settlement Class Counsel
16 and Counsel for Defendant) and file with the Clerk of the Court a notice of appearance no
17 later than forty-five (45) calendar days after the Notice Date or as the Court may otherwise
18 direct.  Attorneys who do not adhere to these requirements will not be heard at the Final
19 Approval Hearing.

20       18.    Any Settlement Class Member who files and serves a written objection and
21 who intends to make an appearance at the Final Approval Hearing, either in person or
22 through personal counsel hired at the sole expense of that Settlement Class Member, shall
23 provide to the Settlement Administrator (who shall forward it to Settlement Class Counsel
24 and Counsel for Defendants) and file with the Court a notice of intention to appear no later
25 than forty-five (45) calendar days after the Notice Date or as the Court otherwise may
26 direct.  Settlement Class Members and their attorneys who do not adhere to these
27 requirements will not be heard at the Final Approval Hearing.
28

19. The Settlement Administrator shall promptly furnish Settlement Class Counsel, counsel for Defendant, and any counsel for Plaintiffs or Settlement Class Members with copies of any and all objections, written requests for exclusion, notices of intention to appear, or other communications from Settlement Class Members or their representatives that come into its possession, except as otherwise provided in the Settlement Agreement.

20. Any petition for award of attorney's fees or reimbursement of litigation costs and expenses shall be filed prior to the Final Approval Hearing.

21. A Final Approval hearing shall be held on _____, 2008 at _____ _.m. before the undersigned for the purpose of determining (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) whether to issue a final judgment without material alteration from the form attached as Exhibit A to the Settlement Agreement; and (c) whether to approve the Attorneys' Fee Award to Settlement Class Counsel as set forth in the Settlement Agreement.

22. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the counsel for the Settlement Class and Defendants without further notice.

23. All pretrial proceedings in the lawsuit are stayed and suspended until further order of this Court.

SO ORDERED

Date: _____, 2007           _____
                                       Honorable Edward M. Chen
                                       United States Magistrate Judge