UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLEURY, *et al.*, | No. C-05-4525 EMC |
| Plaintiffs, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE FOR SETTLING PARTIES' JOINT MOTION FOR FINAL APPROVAL AND SETTLING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES** |
| RICHEMONT NORTH AMERICA, INC., | |
| Defendant. | |
| _____/ | |

The Settling Parties have filed a motion for final approval of the proposed settlement and the Settling Plaintiffs have filed a motion for an award of attorney's fees, litigation expenses, and class representative incentive awards. Both motions are set for hearing on May 7, 2008. Based on the its initial review of the briefs and accompanying submissions, the Court hereby orders as follows.

(1)   The Settling Plaintiffs shall file with the Court and serve on Mr. Fleury copies of the objections made by Stephanie Renner and Ronald and Leslie Yoo. These objections were not filed with the Court.

(2)   The Settling Plaintiffs shall file with the Court and serve on Mr. Fleury copies of any and all purported opt-outs that were sent to the Settlement Administrator (including but not limited to the alleged opt-outs that were part of the Fleury submission) regardless of whether the purported opt-out was, *e.g.*, untimely, incomplete, ambiguous (that is, not expressly requesting exclusion), or not in accordance with the Long-Form Notice requirements.

United States District Court
For the Northern District of California

(3) The Settling Parties shall provide briefing (to be filed and served) as to whether any of the alleged opt-outs that were not recognized as opt-outs by the Settling Parties, *see* Proposed Final Order, Ex. B, should nevertheless be recognized as opt-outs in light of case law that indicates a court should "look beyond formalistic procedures to evaluate whether a class member has reasonably expressed a desire to be excluded from a class suit." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 70 (N.D. Cal. 1976); *see also In re Four Seasons Sec. Laws Litigation*, 493 F.2d 1288, 1291 (10th Cir. 1974) (stating that "[a] reasonable indication of a desire to opt out ought to be sufficient"); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 365 (E.D. Pa. 2004) ("agree[ing] with the Tenth Circuit that a 'reasonable indication' of intent to opt out is sufficient"); Wright, *et al.*, 7AA Fed. Prac. & Proc. Civ.3d § 1787 (stating that "considerable flexibility is desirable in determining what constitutes an effective expression of a class member's desire to be excluded and any written evidence of that desire should suffice"). Of particular concern to the Court (although the parties' briefing should not be so limited) is the rejection of alleged opt-outs by (a) those persons who apparently did not expressly request exclusion from the settlement (as required by the Long-Form Notice) but who simply stated that they rejected the proposed settlement, *see, e.g.*, Keough Decl. ¶ 32 & Ex. O; (b) those persons who failed to provide their addresses and/or telephone numbers (as required by the Long-Form Notice), *see, e.g.*, Keough Decl. ¶ 32 & Ex. O; and (c) those persons who failed to include the case name and number (as required by the Long-Form Notice). *See, e.g.*, Gallagher Decl. ¶ 10 & Ex. F. The Court also notes that the Settling Parties appear to have rejected purported opt-outs when addresses outside the United States were provided. *See, e.g.*, Keough Decl. ¶ 21 & Ex. E. If the individuals who provided addresses outside the United States were watchmakers, then arguably they are not members of the subclass (*i.e.*, they are not offering services in the United States); however, if the individuals were consumers, then they plausibly could have purchased repair services in the United States.

(4) The Settling Plaintiffs shall provide briefing (to be filed and served) as to whether this Court should delay adjudication of the fee motion for at least some period of time so that it can

2

assess, *e.g.*, how many consumers have actually used their credits and how many watchmakers have applied and/or been accepted by Defendant as qualified applicants. The Court notes that, under the Class Action Fairness Act of 2005 ("CAFA"), "[i]f a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed." 28 U.S.C. § 1712(a); *see also In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB) (MDL-1339), 2004 U.S. Dist. LEXIS 14822, at *57-58 (S.D.N.Y. July 30, 2004) (stating that "[t]he percentage of Settlement approach cannot be reasonably employed at this point because the Settlement's actual value to the Class is unclear and cannot accurately be assessed until the rate at which Class Members redeem UPS Vouchers is known"). Even in noncoupon cases, courts have found the CAFA standard instructive. *See, e.g.*, *Yeagley v. Wells Fargo & Co.*, No. C 05-03403 CRB, 2008 U.S. Dist. LEXIS 5040, at *23-28 (N.D. Cal. Jan. 18, 2008) (stating that the case, which involved Fair Credit Reporting Act claims, arguably was not a coupon case but that nevertheless CAFA was instructive); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 432 (S.D.N.Y. 2007) (noting that, just because "an item of non-monetary consideration may not fall within the [CAFA's] use of the term 'coupon' does not make is any less worthy of judicial scrutiny"). The Court acknowledges the Settling Parties' citation of *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (stating that, under Supreme Court case law, "attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund"), but *Williams* was a common fund case and the instant case is, at the very least, not a traditional common fund case. *See Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 852 (5th Cir. 1998) (concluding that the case was not a traditional common fund case because no money was paid into escrow or any other account -- *i.e.*, no fund was established at all -- and the settlement agreement did not establish or estimate the defendant's total liability; adding that the settlement under consideration was more like a settlement giving class members coupons or certificates where the true value of the award was less than

3

face value); *Yeagley*, 2008 U.S. Dist. LEXIS 5040, at *21-24 (distinguishing *Williams*). Absent a common fund or other settlement structure from which the totality of benefits can be measured, it is difficult to gauge reasonable attorney's fees at this juncture.

**The supplemental evidence requested in items (1) and (2) above shall be filed and served no later than April 16, 2008. The supplemental briefing requested in items (3) and (4) above shall be filed and served no later than April 18, 2008.**

IT IS SO ORDERED.

Dated: April 11, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLEURY, *et al.*, | No. C-05-4525 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| RICHEMONT NORTH AMERICA, INC., | |
| Defendant. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.


Andre Fleury
523 Fourth Street
San Rafael, CA  94901


Dated: April 11, 2008			RICHARD W. WIEKING, CLERK


					By:	/s/
						Leni Doyle
						Deputy Clerk

5