UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE FLEURY, *et al.*,

    Plaintiffs,

    v.

RICHEMONT NORTH AMERICA, INC.,

    Defendant.
_____/

No. C-05-4525 EMC

**ORDER RE HEARING OF MAY 7, 2008**

A hearing on the Settling Parties' joint motion for final approval was held on May 7, 2008. At the hearing, the settling parties made appearances, as did objector Sacha Fleury. This order memorializes, as well as clarifies, the rulings made by the Court at the hearing.

A. <u>Settling Plaintiffs' Objections to and Motion to Strike Objector Sacha Fleury's April 24, 2008 Filings (Docket No. 252)</u>

In a brief filed with the Court, the Settling Plaintiffs argued that certain filings made by objector Sacha Fleury on April 24, 2008, should either be stricken because they were not timely filed or placed under seal because they discuss confidential settlement information, as protected by ADR Local Rule 6-11. The Court granted the alternative request to file under seal, noting, *inter alia*, that Sacha Fleury had failed to respond to the Settling Plaintiffs' argument that ADR Local Rule 6-11 was applicable.

Having further considered the matter, the Court find that the ADR local rule is not applicable because the settlement discussions before the private mediator were not part of the Court-sponsored ADR process. That being said, the Court shall still, out of an abundance of caution, seal the

documents because there is a substantial question as to whether Federal Rule of Evidence 408, *see In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979), or other federal common law regarding mediation privilege, *see Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164 (C.D. Cal. 1998); *Sheldone v. Pennsylvania Turnpike Com'n.*, 104 F. Supp. 2d 511 (W.D. Pa. 2000), might apply. Moreover, there is a substantial question as to whether the conduct of the mediated settlement discussions are relevant to this Court's assessment of the fairness and adequacy of the settlement under *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). The Court shall reserve ruling, however, as to whether it will consider the information in finally deciding whether the proposed settlement is fair, reasonable, and adequate. Sealing, nonetheless, is warranted.

Accordingly, the Court hereby orders the Clerk of the Court to place the documents located at Docket Nos. 248-50 under seal. It further orders Sacha Fleury to publicly file redacted versions of those documents by May 14, 2008. All references to settlement or mediation should be redacted from the filings.

B.   Communications with Members of Watchmaker Subclass

Consistent with the Court's prior orders, the Court barred all parties, including but not limited to Plaintiff Andre Fleury, from making any communications with members of the watchmaker subclass, including but not limited to members who have opted out or allegedly opted out, until the Court-approved supplemental notice regarding the settlement is issued. The supplemental notice shall provide the clarifications as discussed at the hearing and shall indicate that the Court has tentatively approved the watchmaker portion of the settlement with these clarifications.

C.   Supplemental Notice

As discussed at the hearing, the Settling Parties shall submit to the Court a proposed supplemental notice which shall be sent to certain members of the watchmaker subclass.

(1)   The supplemental notice shall be sent to the watchmakers who are included in the Settling Parties' list of recognized opt-outs, *see* Proposed Final Order and Judgment Approving Class

1   Action Settlement, Ex. B; these watchmakers will be given an opportunity to opt back into
2   the watchmaker subclass.
3 (2) In addition, the supplemental notice shall be sent to the two watchmakers who made
4   untimely opt-outs (*i.e.*, Jacob Sobell and Alan Garrett), *see* Pls.' Supp. Br., Ex. A, and the
5   two watchmakers will also be given an opportunity to opt back into the watchmaker subclass.
6   By giving the two watchmakers an opportunity to opt back into the subclass, the Court is not
7   thereby recognizing the opt-outs. The Court is reserving the question as to whether the opt-
8   outs should be rejected as untimely; however, if the two watchmakers decide that the
9   settlement is now acceptable and wish to opt back into the subclass, then the issue is moot.
10 (3) Finally, the supplemental notice shall be sent to some, but not all, of the watchmakers[1] who
11   are part of the "Fleury submission."[2] *See* Gallagher Decl. ¶ 4 (stating that "Andre Fleury
12   submitted a package of materials, postmarked March 17, 200[8], to the Settlement
13   Administrator"); Keough Decl. ¶ 27 (stating that the Settlement Administrator "received a
14   package postmarked on March 17, 2008 containing submissions collected by Mr. Andre
15   Fleury").
16   (a) The supplemental notice need *not* be sent to those watchmakers who communicated
17       with Andre Fleury prior to November 28, 2007, the date that the Court granted
18       preliminary approval to the proposed settlement. After the Settling Parties moved for
19       preliminary approval on September 12, 2007, *see* Docket No. 155, there were
20       significant changes to the terms of the proposed settlement[3] which were not agreed to

---

[1] The supplemental notice need *not* be sent to any consumers who are part of the Fleury submission (*e.g.*, John K. Crossman, Larry Ehrhardt, Bonnie Evans, Ann-Rose Kaplan, Brian Scott Oplinger, Valerie Shore). Likewise, the supplemental notice need *not* be sent to any nonwatchmakers (*e.g.*, David Lockman, Willis Lynes, Colin Gillies) or any nonworking watchmakers (*e.g.*, Elaine Barry).

[2] Andre and Sacha Fleury have represented that there approximately 300 watchmakers who are part of the Fleury submission. The Court has reviewed the Fleury submission and does not agree. There are approximately 250 communications from watchmakers that make up the Fleury submission. About a dozen communications are duplicative, *i.e.*, some watchmakers made more than one communication to Andre Fleury.

[3] For example, Defendant agreed that the tooling would be provided at no cost to the qualified applicants. In addition, Defendant agreed to modify the language that it had "sole discretion" to accept or reject an applicant.

by Defendant until on or about November 11, 2007, and which were memorialized for the first time in the Court's order granting preliminary approval. *See* Docket Nos. 194, 200.

(b) In addition, the supplemental notice need *not* be sent to those watchmakers who are located outside of the United States. These watchmakers are not part of the subclass, which is specifically defined as watchmakers or watch repairers in the United States. *See* Keough Decl., Ex. B (notice).

(c) Finally, the supplemental notice need *not* be sent to watchmaker James Sadilek, as the Court does not find his communication to the Court, *see* Docket No. 218, ambiguous in any way.

(d) The supplemental notice *shall* be sent to all remaining watchmakers who are part of the Fleury submission, including but not limited to David A. Christianson. The Court finds that Mr. Christianson's communication to the Court, *see* Docket No. 217, is ambiguous because, although he states that he objects to the settlement, he also states that he rejects the settlement and agrees with Andre Fleury. The watchmakers to whom the supplemental notice is sent shall be given an opportunity to clarify whether, based on the supplemental notice regarding the terms of the proposed settlement, they wish to exclude themselves from (*i.e.*, opt out of) the watchmaker subclass.

This order disposes of Docket No. 252.

IT IS SO ORDERED.

Dated: May 9, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4