UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLEURY, *et al.*, | No. C-05-4525 EMC |
| Plaintiffs, | |
| v. | **ORDER RE SUPPLEMENTAL NOTICE** |
| RICHEMONT NORTH AMERICA, INC., | |
| Defendant. | |
| _____/ | |

    The Court, after notice to the Settlement Class, held a hearing on May 7, 2008 for purposes of considering the Settling Parties' Joint Motion for Final Approval of Class Settlement.  The Court, having heard all persons properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel, having considered all applicable law; and having considered any objections made properly to the proposed settlement, hereby directs The Garden City Group, Inc. (the "Settlement Administrator") to provide supplemental notice to certain members of the Watchmaker Settlement Sub-Class as set forth below.

    The Court has reviewed the Settling Parties' proposed order regarding supplemental notice, as well as Sacha Fleury's comments regarding the Settling Parties' proposed order and the accompanying declaration of Andre Fleury.  For the most part, the Court adopts the Settling Parties' version of the supplemental notice and rejects Sacha Fleury's arguments.

    For example, the Court rejects Sacha Fleury's assertion that the Settling Parties' version of the supplemental notice for the watchmakers who were part of the Fleury submission improperly "[e]ntraps [w]atchmakers [w]ho [b]elieve [t]hey [h]ave [o]pted [o]ut."  Sacha Fleury's Comments at

2. The Court is requiring supplemental notice to these watchmakers precisely because it is *not* clear whether they wanted to opt out or not. The Settling Parties' version of the supplemental notice appropriately notes that the supplemental notice is being sent because there was no clear statement of an intent to opt out.

The Court also rejects Sacha Fleury's contention that the list of watchmakers to whom supplemental notice should be sent is incomplete. Sacha Fleury's contention is based on the declaration of Andre Fleury. The Court has reviewed Andre Fleury's "master list" but it does not support his claim that, "[e]xcluding foreign watchmakers, consumers, and watchmakers who attempted to opt-out of the proposed settlement before preliminary approval, there are approximately 117 people that do not appear on Exhibit A, B, or C to the Proposed Order Regarding Supplemental Notice." Andre Fleury Decl. ¶ 3. Indeed, the Court notes that many of the people on the master list were not even part of the Fleury submission to the Settlement Administrator.

Furthermore, the Court shall not include as part of the supplemental notice - as requested by Sacha Fleury - a statement that Andre Fleury has opted out. Such a statement might suggest to the class members a bias on the part of the Court. (For the same reason, the Court shall not include a statement in the supplemental notice that "approximately 200 additional independent watchmakers . . . have indicated that they reject the proposed settlement." Sacha Fleury's Comments at 3.) Moreover, most of the watchmakers at issue have previously communicated with Andre Fleury. Once the settlement notice is issued, they are not barred from contacting him and asking him for his opinion.

Finally, the Court shall not give the watchmakers two months to make a decision regarding opting back in or opting out. Some people will be on vacation at any point during the year, and there is no evidence that many of the watchmakers are foreign born and/or would likely be vacationing in Europe for more than two weeks. The Court, however, will extend the time for response to three weeks.

While the Court rejects most of the arguments made by Sacha Fleury, it shall modify the version of the supplemental notice provided by the Settling Parties in several ways. Most significantly, it shall now require that the supplemental notice be sent to the "premature opt-outs" -

2

*i.e.*, any watchmaker who was part of the Fleury submission and who submitted a communication to Andre Fleury, stating that he or she rejected the settlement, prior to the date of preliminary approval by the Court. The Court is of the view, upon reconsideration, that it is possible that these watchmakers may not have known that their previous "opt-outs" (to the extent that there was a clear request for exclusion) were insufficient, because (1) notice to the watchmakers was effected by publication notice, rather than individual notice, and (2) Andre Fleury has been the source of incorrect or misleading information.

Based on the above, the Court orders as follows:

1. The Settlement Administrator shall send a notification by First Class mail or by e-mail to the members of the Watchmaker Settlement Sub-Class who: (a) are located in the United States, and (b) submitted statements to the Settlement Administrator through Andre Fleury, and (c) were not duplicative of requests for exclusion and/or objections submitted directly to the Settlement Administrator. The Settlement Administrator shall also send a notification by First Class mail or by e-mail to the one member of the Watchmaker Settlement Sub-Class located in the United States who timely sent a communication to the Settlement Administrator but did not specifically request exclusion from the class. See Keough Decl., Ex. G.

2. The Settlement Administrator shall send the notification required by paragraph 1 above within 5 days of this Order substantially in the form set forth below. The notification shall include as an attachment a copy of the long-form notice approved by the Court (which was sent to members of the consumer subclass).[1]

---

[1] Sacha Fleury has argued that the amended stipulation of settlement itself should be attached. However, that document does not include the clarification that Richemont's "sole discretion" in deciding whether a watchmaker applicant is qualified is subject to the covenant of good faith and fair dealing.

Furthermore, contrary to what Sacha Fleury argues, the Court does not see the use of the phrase "good faith and fair dealing" as being confusing to a layperson. To be sure, the phrase has a specific legal meaning, but a layperson is capable of understanding the concept that Richemont is obliged to deal fairly with the watchmaker applicants and to make decisions as to who is a qualified applicant in good faith.

United States District Court
For the Northern District of California

**Court Ordered Supplemental Notice - ACTION REQUIRED**

This supplemental notice relates to a proposed settlement in a class action lawsuit called Fleury, et al. v Richemont North America, Inc., Case No. C-05-4525 EMC, pending in the U.S. District Court for the Northern District of California. After a hearing on May 7, 2008, the Court stated that it intends to grant final approval of the proposed settlement. The Court directed that we provide you with the following clarifications regarding the proposed settlement:

- <u>Scope of Release</u> -- Watchmakers who do not exclude themselves from the settlement will be releasing certain claims. This release is limited to claims that were, or could have been, asserted based on the facts alleged in the Second Amended Complaint. Thus, the settlement does not require watchmakers to release any claims that do not arise out of the facts alleged in the class action lawsuit.

- <u>Evaluation Form</u> -- Although Richemont will decide in its sole discretion whether a watchmaker meets the criteria set forth in the Evaluation Form, Richemont must do so in a manner consistent with the covenant of good faith and fair dealing, a breach of which may involve the Court.

- <u>"Trade Watchmakers"</u> -- Watchmakers do not need to be employed by a retail store or own their own retail store to apply to become Newly Qualified Watchmakers. However, the watchmaker must be affiliated with one or more retail stores (*e.g.*, the watchmaker performs watch repairs on a wholesale basis for a retail store(s) and picks up and delivers work from the retail store(s)). Such watchmakers can apply to become a Newly Qualified Watchmaker by providing information about the retail store(s) with which they are affiliated. If those retail stores meet the criteria set forth in the Evaluation Form and the watchmaker applicant meets the remaining criteria set forth in the Evaluation Form, such watchmaker will, in relation to the respective retail store(s), become a Newly Qualified Watchmaker under the terms of the proposed settlement.

**ACTION REQUIRED**

The Court ordered us to send this supplemental notice to you, in addition to a copy of the original notice (see attached), because (1) the statement you provided did not contain a clear statement of your intention to opt-out of the proposed settlement; and/or (2) you did not fully comply with the procedure for opting-out of the proposed settlement.

<u>Consequences of Opting-Out</u> -- If you opt-out of the settlement, you will retain your right to sue Richemont about the alleged conduct at issue in this class action lawsuit, but you will also give up your right to obtain the benefits of the settlement. This means that if you opt-out of the proposed settlement, you will not be permitted to apply to become an authorized Cartier repair shop and, if approved, to receive the free tooling and discounts to which Newly Qualified Watchmakers are entitled under the proposed settlement.

If you wish to opt-out of the proposed settlement, you must respond by first class mail post-marked on or before [3 weeks from sending the notice] to Watch Repair Settlement, c/o The Garden City Group, Inc., P.O. Box 9196, Dublin, OH 43017-4196 or by e-mail by [3 weeks from the sending of the notice] to WatchRepairSettlement@gardencitygroup.com stating clearly: "I wish to opt-out of the proposed settlement."

4

If you do not respond by [3 weeks from the sending of the notice], you will not have opted-out of the proposed settlement.

3. Exhibit B[2] hereto contains the names and addresses of the members of the Watchmaker Settlement Sub-Class who submitted a statement directly to the Settlement Administrator expressing a desire to be excluded from the Proposed Class Action Settlement.

4. Exhibit C hereto contains the names and addresses of the members of the Watchmaker Settlement Sub-Class who submitted an untimely request to opt-out of the Proposed Class Action Settlement. The Court has not decided whether to give effect to these untimely requests.

5. The Settlement Administrator shall send a supplemental notice via first class mail to the persons listed on Exhibit B and Exhibit C within 5 days of this Order substantially in the form set forth below. The notification shall include as an attachment a copy of the long-form notice approved by the Court (which was sent to members of the consumer subclass).

**Court Ordered Supplemental Notice - ACTION REQUIRED**

This supplemental notice relates to a proposed settlement in a class action lawsuit called Fleury, et al. v Richemont North America, Inc., Case No. C-05-4525 EMC, pending in the U.S. District Court for the Northern District of California. After a hearing on May 7, 2008, the Court stated that it intends to grant final approval of the proposed settlement. The Court directed that we provide you with the following clarifications regarding the proposed settlement:

• <u>Scope of Release</u> -- Watchmakers who do not exclude themselves from the settlement will be releasing certain claims. This release is limited to claims that were, or could have been, asserted based on the facts alleged in the Second Amended Complaint. Thus, the settlement does not require watchmakers to release any claims that do not arise out of the facts alleged in the class action lawsuit.

• <u>Evaluation Form</u> -- Although Richemont will decide in its sole discretion whether a watchmaker meets the criteria set forth in the Evaluation Form, Richemont must do so in a manner consistent with the covenant of good faith and fair dealing, a breach of which may involve the Court.

• <u>"Trade Watchmakers"</u> -- Watchmakers do not need to be employed by a retail store or own their own retail store to apply to become Newly Qualified Watchmakers. However, the watchmaker must be affiliated with one or more retail stores (*e.g.*, the watchmaker performs watch repairs on a wholesale basis for a retail store(s) and picks up and delivers work from the retail store(s)). Such watchmakers can apply to become a Newly Qualified Watchmaker by providing information about

---

[2] For purposes of clarity, the Court notes that there is no Exhibit A attached to this order.

the retail store(s) with which they are affiliated. If those retail stores meet the criteria set forth in the Evaluation Form and the watchmaker applicant meets the remaining criteria set forth in the Evaluation Form, such watchmaker will, in relation to the respective retail store(s), become a Newly Qualified Watchmaker under the terms of the proposed settlement.

### ACTION REQUIRED

You are receiving this supplemental notice, in addition to a copy of the original notice (see attached), because you stated a desire to opt-out of the proposed settlement. If, in light of these clarifications, you would like to withdraw your request to opt-out, you must respond by first class mail post-marked on or before [3 weeks from the sending of the notice] to Watch Repair Settlement, c/o The Garden City Group, Inc., P.O. Box 9196, Dublin, OH 43017-4196 or by e-mail [3 weeks from the sending of the notice] to WatchRepairSettlement@gardencitygroup.com stating: "I wish to withdraw my request to opt-out of the proposed settlement."

If you do not respond by [3 weeks from the sending of the notice], you will be deemed to have opted-out of the proposed settlement.

6. Exhibit D hereto contains the names and addresses of the members of the Consumer Settlement Sub-Class who submitted a statement directly to the Settlement Administrator expressing a desire to be excluded from the Proposed Class Action Settlement.

7. The Settlement Administrator shall send a supplemental notice via first class mail to the persons listed on Exhibit D within 5 days of this Order substantially in the form set forth below:

### Court Ordered Supplemental Notice - ACTION REQUIRED

This supplemental notice relates to a proposed settlement in a class action lawsuit called Fleury, et al. v Richemont North America, Inc., Case No. C-05-4525 EMC, pending in the U.S. District Court for the Northern District of California. After a hearing on May 7, 2008, the Court stated that it intends to grant final approval of the proposed settlement. The Court directed that we provide you with the following change regarding the proposed settlement:

- "Aggregation of Credits" -- The settlement previously provided that each member of the Consumer Settlement Sub-Class will receive one $100 credit for each Qualifying Paid Repair Service he or she received and that these credits cannot be aggregated. After the Court hearing on May 7, 2008, the parties agreed to modify the settlement. The settlement now provides for aggregation up to a maximum of two credits.

### ACTION REQUIRED

You are receiving this supplemental notice because you stated a desire to opt-out of the proposed settlement. If, in light of the clarification, you would like to withdraw your request to opt-out, you must respond by first class mail post-marked on or before [3 weeks from the sending of the notice] to Watch Repair Settlement, c/o The Garden City Group, Inc., P.O. Box 9196, Dublin, OH 43017-4196 or by e-mail [3 weeks from the sending of the notice] to WatchRepairSettlement@gardencitygroup.com stating: "I wish to withdraw my request to opt-out of the proposed settlement."

6

> If you do not respond by [3 weeks from the sending of the notice], you will be deemed to have opted-out of the proposed settlement.

8. Upon receipt of this order, the Settling Parties shall immediately provide a copy of the order to the Settlement Administrator. The Settlement Administrator shall immediately post a copy of the order (*excluding* the attached exhibits which contains personal information) on the website it maintains with respect to the class action (*i.e.*, www.watchrepairsettlement.com).

IT IS SO ORDERED.

Dated: May 19, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge