Bruce L. Simon (SBN 96241)
PEARSON, SIMON, SOTER, WARSHAW & PENNY LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
Email: bsimon@psswplaw.com

Geoffrey Spellberg (SBN 121079)
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767
Email: gspellberg@meyersnave.com

*Settlement Class Counsel and Counsel for Plaintiffs
Liz Hart, Mike Mertaban, Dennis Warner, and
Charles Cleves*

Amanda J. Gallagher (*pro hac vice*)
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: amanda.gallagher@linklaters.com

*Attorneys for Defendant Richemont North America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRÉ FLEURY, d/b/a SWISS WATCH CO., MIKE MERTABAN, d/b/a WATCH EXPERTS, DENNIS WARNER, and CHARLES CLEVES, on behalf of themselves and all other similarly situated watchmakers, and LIZ HART, on behalf of herself and all others similarly situated consumers,<br><br>       Plaintiffs,<br><br>  vs.<br><br>RICHEMONT NORTH AMERICA, INC.,<br><br>      Defendant. | Case No. C05-04525 EMC<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

The Court, after notice to the Settlement Class, held a hearing on May 7, 2008 for purposes of determining:

1.     Whether the proposed settlement of the claims asserted by the Settling Plaintiffs on behalf of all others similarly situated in the above-captioned lawsuit, on the terms set forth in the Amended Stipulation of Settlement dated November 21, 2007 (the "Amended Settlement Agreement"), and the exhibits thereto, a copy of which is attached hereto as Exhibit A, is fair, reasonable, and adequate and should be finally approved by the Court; and

2.     Whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing Defendant Richemont North America, Inc. from all Released Claims.

The Court, having heard all persons properly appearing and requesting to be heard; having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel; having considered all applicable law; and having considered any objections made properly to the proposed settlement; finds that there is no just reason for delay of the entry of this Final Order and Judgment Approving Class Action Settlement. This Final Order and Judgment adopts and incorporates the Amended Settlement Agreement, the terms defined therein, and all exhibits thereto.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     The Court finds that it has personal jurisdiction over all members of the Final Settlement Class and that it has subject matter jurisdiction to approve the Amended Settlement Agreement and all exhibits thereto.

2.     The lawsuit is hereby certified as a class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether the lawsuit may be certified as a class action for purposes other than settlement, and Defendant retaining all rights to assert that the Lawsuit may not be certified as a class action except for settlement purposes). The Settlement Class is defined as:

1

2

3
Watchmaker Settlement Sub-Class: All watchmakers or watch repairers in the United States operating as of November 28, 2007 which are not authorized Cartier dealers or authorized Cartier repair shops as of November 28, 2007.

4

5

6

7
Consumer Settlement Sub-Class: All persons who currently own or previously owned a Cartier watch and who had their Cartier watch repaired or serviced in the United States at a Defendant-owned Cartier boutique or directly by Defendant at any time between January 1, 2003 and November 28, 2007.

8   3.   The Court gives Final Approval to the settlement as fair, reasonable, and

9   adequate as to each of the Parties, and consistent and in compliance with all requirements

10  of federal and California law, as to, and in the best interest of, each of the Parties and the

11  members of the Final Settlement Class, and directs the Parties and their counsel to

12  implement and consummate the Amended Settlement Agreement in accordance with its

13  terms and provisions.

14  4.   The Court finds that the notice program implemented pursuant to the

15  Amended Settlement Agreement (i) constitutes the best practicable notice, (ii) is

16  reasonably calculated, under the circumstances, to apprise members of the Settlement

17  Class of the pendency of the lawsuit, their right to object or exclude themselves from the

18  proposed settlement and to appear at the Final Approval Hearing, and their right to seek

19  monetary and other relief, (iii) is reasonable and constitutes due, adequate, and sufficient

20  notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of

21  due process and any other applicable requirements under federal and California law.

22  5.   The Court finds that, in compliance with the notice provisions of the Class

23  Action Fairness Act, 28 U.S.C. Section 1715, Defendant served timely notice of the

24  settlement to the appropriate federal and state officials, and therefore the Amended

25  Settlement Agreement is fully enforceable against the Final Settlement Class.

26  6.   The Court finds that the Settling Plaintiffs and Settlement Class Counsel

27  adequately represented the Settlement Class for the purpose of entering into and

28  implementing the settlement.

7.     The Court has considered all objections to the settlement filed as well as arguments of objectors' counsel appearing at the final approval hearing. With respect thereto the Court finds the objections ill-founded and same are hereby denied.

8.     The individual and class claims asserted by the Settling Plaintiffs in the lawsuit captioned *Fleury, et al. v. Richemont North America, Inc.* are hereby DISMISSED on the merits WITH PREJUDICE and without fees or costs except as provided herein.

9.     The Court adjudges that the Settling Plaintiffs and members of the Final Settlement Class have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all of the following Released Claims set forth in the Amended Settlement Agreement:

All claims, rights, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, and demands whatsoever (including, without limitation, any claims, whether direct, derivative, representative, or in any other capacity, arising under federal, state, local, foreign, statutory or common law or any law, rule or regulation, or in equity), whether known or Unknown, from the beginning of the world to the date of this Stipulation of Settlement, against any of the Released Parties (as defined in ¶ 1.17), belonging to Plaintiffs or any or all members of the Final Settlement Class or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, or any other representatives of any of these persons and entities, whether or not they object to the settlement or receive any benefit hereunder, that were asserted or could have been asserted in the Second

1     Amended Complaint relating in any way to any conduct of the Released

2     Parties concerning the distribution or sale of Cartier watch parts, Cartier

3     watch repairs or Cartier watch service. "Released Claims" do not include

4     any of the following: (1) breach of contract claims; (2) breach of warranty

5     claims; (3) product defect claims; and (4) claims that arise from the

6     availability of Cartier watch parts, Cartier watch repairs, or Cartier watch

7     service outside of the United States. Each member of the Final Settlement

8     Class hereby covenants and agrees that it shall not seek to establish liability

9     against any of the Released Parties based, in whole or in part, upon any

10     Released Claim.

11         10.    Without affecting the finality of the Final Order and Judgment for purposes

12 of appeal, the Court reserves jurisdiction over the Defendant, the Settling Plaintiffs, and

13 members of the Final Settlement Class as to all matters relating to the administration,

14 consummation, enforcement, and interpretation of the terms of the Amended Settlement

15 Agreement and the Final Order and Judgment, and for any other necessary purposes.

16         11.    Upon the Effective Date, the Settling Plaintiffs and all members of the

17 Settlement Class who did not timely and properly exclude themselves from the Settlement

18 Class (the "Final Settlement Class"), are permanently barred from asserting any Released

19 Claims against Defendant and any of the Released Parties set forth in Paragraph 1.17 of the

20 Amended Settlement Agreement.

21         12.    The Court determines that the Amended Settlement Agreement and the

22 settlement provided for herein and any proceedings taken pursuant thereto, are not, and

23 should not in any event be offered or received as evidence of, a presumption, concession,

24 or an admission of liability or of any misrepresentation or omission in any statement or

25 written document approved or made by Defendant; provided, however, that reference may

26 be made to the Amended Settlement Agreement and the settlement provided for herein in

27 such proceedings as may be necessary to effectuate the provisions of the Amended

28 Settlement Agreement.

1      13.    The Court bars and enjoins all members of the Final Settlement Class from:

2  (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant,

3  or class member in any other lawsuit or administrative, regulatory, arbitration, or other

4  proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes

5  of action, or the facts and circumstances relating thereto, in the lawsuit and/or the Released

6  Claims, as defined in the Amended Settlement Agreement; (ii) filing, commencing, or

7  prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a

8  class action on behalf of any members of the Settlement Class who have not timely

9  excluded themselves (including by seeking to amend a pending complaint to include class

10  allegations or seeking class certification in a pending action), based on, relating to, or

11  arising out of the claims and causes of action, or the facts and circumstances relating

12  thereto, in the lawsuit and/or the Released Claims; and (iii) attempting to effect an opt-out

13  of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other

14  proceeding based on, relating to, or arising out of the claims and causes of action, or the

15  facts and circumstances relating thereto, in the lawsuit and/or the Released Claims.

16      14.    The Court approves the Opt-Out List attached hereto as Exhibit B, and

17  determines that the Opt-Out List is a complete list of all Settlement Class Members who

18  have timely requested exclusion from the Settlement Class and accordingly, shall neither

19  share in nor be bound by the Final Order and Judgment and are not members of the Final

20  Settlement Class.

21      15.    The Parties are hereby authorized, without further approval from the Court,

22  to agree to and adopt such amendments, modifications, and expansions of the Amended

23  Settlement Agreement and all exhibits and amendments thereto as (i) are consistent in all

24  material respects with this Final Order and Judgment, and (ii) do not limit the rights of the

25  members of the Final Settlement Class.

26      16.    The Parties shall remain bound by the confidentiality obligations imposed by

27  the Stipulated Protective Order entered on August 29, 2006, even after termination of this

28  litigation.

1    17.    In the event that the settlement does not become effective in accordance with

2    the terms of the Amended Settlement Agreement, then the Amended Settlement

3    Agreement, this Final Order and Judgment, and other terms herein including the

4    certification of the Settlement Class shall be rendered null and void and be vacated.

5         SO ORDERED.

6

7    Date: _____, 2008

                                    _____
8                                   Honorable Edward M. Chen
                                    United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28