UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLEURY, *et al.*, | No. C-05-4525 EMC |
| Plaintiffs, | |
| v. | **ORDER RE ISSUES RE FLYNN WILLIAMS'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| RICHEMONT NORTH AMERICA, INC., | |
| Defendant. | **(Docket No. 289)** |
| _____/ | |

The Court has reviewed the parties' briefs and accompanying submissions with respect to Flynn Williams's motion for attorney's fees and costs. Having reviewed such, the Court hereby orders that the parties be prepared to address the following issues at the hearing on September 24, 2008.

A.  <u>Fee Request</u>

It appears that Flynn Williams is disavowing that it is seeking any fees and costs directly and that the request for fees and costs is being made on behalf of its client. *See* Reply at 7. Flynn Williams must be prepared to address whether the client seeking fees is (a) Sacha Fleury only or (b) both Sacha Fleury and Andre Fleury.

B.  <u>Authority for Fees and Source for Fees</u>

Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In the instant case, the Settling Parties made an

agreement with respect to a request for fees by the Settling Plaintiffs only.  *See* Docket No. 278, Ex. A (Amended Stipulation of Settlement ¶ 5.1) ("Settlement Class Counsel may apply to the Court for an award of attorneys' fees in an amount not to exceed $2,000,000 . . . . Defendant agrees not to contest such application and agrees to pay fees and expenses up to the $2,000,000 amount as awarded by the Court.").  Because there was no agreement involving any party with respect to a request for fees by an objector such as Sacha Fleury, the question for the Court is whether fees to an objector are authorized by law.

        Both parties have cited cases acknowledging that an objector may be awarded his attorney's fees but it appears that many if not all of the cases cited involve common funds and, because of the common fund, there was a basis for a fee award.  The instant case does not involve any common fund in the traditional sense.  Thus, the parties must be prepared to discuss whether an objector may be entitled to a fee award in a non-common fund case.  In addition, the parties must be prepared to discuss who should pay for the fees if the Court were to conclude, *e.g.*, that Sacha Fleury is entitled to an award -- *i.e.*, what is the legal basis for shifting fees from the objector to any particular source (whether the class, settlement class counsel, or Richemont).

        IT IS SO ORDERED.

Dated:  September 22, 2008

                                              _____
                                              EDWARD M. CHEN
                                              United States Magistrate Judge