1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    BEFORE THE HONORABLE EDWARD M. CHEN, MAGISTRATE JUDGE

4    ANDRE FLEURY, D/B/A SWISS WATCH    )
     CO., MIKE MERTABAN D/B/A WATCH     )
5    EXPERTS, DENNIS WARNER, AND        )
     CHARLES CLEVES, ON BEHALF OF       )
6    THEMSELVES AND ALL OTHER           )
     SIMILARLY SITUATED WATCHMAKERS,    )
7    AND LIZ HART, ON BEHALF OF         )
     HERSELF AND ALL OTHER SIMILARLY    )
8    SITUATED CONSUMERS,                )
                                        )
9              PLAINTIFFS,              )
                                        )
10     VS.                              )  NO. C 05-4525 EMC
                                        )
11   RICHEMONT NORTH AMERICA, INC.,     )  PAGES 1 - 20
     AN AMERICAN COMPANY,               )
12                                      )
               DEFENDANT.               )
13   _____ )

14                         SAN FRANCISCO , CALIFORNIA
                           WEDNESDAY, JUNE 30, 2010
15

16                    TRANSCRIPT OF PROCEEDINGS

17   APPEARANCES:

18   FOR PLAINTIFFS:        PEARSON SIMON WARSHAW PENNY
                            44 MONTGOMERY STREET, SUITE 2450
19                          SAN FRANCISCO, CALIFORNIA 94104
                            433-9008
20
                            BY:  BRUCE L. SIMON, ESQUIRE
21                               CLIFFORD H. PEARSON, ESQUIRE
     FURTHER APPEARANCES ON NEXT PAGE.
22
     REPORTED BY:  KATHERINE POPE WYATT, CSR, RPR, RMR
23                 OFFICIAL REPORTER, USDC

24                 COMPUTERIZED TRANSCRIPTION BY ECLIPSE

25

1    **FURTHER APPEARANCES:**

2    **ALSO FOR THE PLAINTIFFS:**

3    MEYERS NAVE RIBACK SILVER & WILSON
     555 12TH STREET, SUITE 1500
4    OAKLAND, CALIFORNIA 94607
     510-444-1108
5    BY:  KEVIN E. GILBERT, ESQUIRE

6    **FOR DEFENDANT:**

7    LINKLATERS
     1345 AVENUE OF THE AMERICAS
8    NEW YORK, N.Y. 10105
     212-903-9100
9    BY:  AMANDA J. GALLAGHER, ATTORNEY AT LAW

10   AND

11   HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
     THREE EMBARCADERO CENTER, SEVENTH FLOOR
12   SAN FRANCISCO, CALIFORNIA 94111-4024

13   677-6262

14   BY:  DIRK M. SCHENKKAN, ESQUIRE

15

16   ANDRE FLEURY AND SACHA FLEURY, PRO SE

17   AND BY PHONE:

18   SCOTT GILLIGAN, ESQUIRE, FOR AWCI

19

20

21

22

23

24

25

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (925) 212-5224

```
 1   JUNE 30, 2010                            10:30 O'CLOCK A.M.

 2

 3                    P R O C E E D I N G S

 4        THE CLERK:  CALLING CASE CO5-4525, FLEURY VERSUS

 5   RICHEMONT.

 6             COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR

 7   NAME FOR THE RECORD.

 8         MR. SIMON:  GOOD MORNING, YOUR HONOR.  BRUCE SIMON ON

 9   BEHALF OF THE SETTLING CLASS.

10          THE COURT:  ALL RIGHT. GOOD MORNING.

11         MS. GALLAGHER:  GOOD MORNING, YOUR HONOR.  AMANDA

12   GALLAGHER ON BEHALF OF RICHEMONT NORTH AMERICA.

13           THE COURT:  ALL RIGHT.  GOOD MORNING.

14         MR. ANDRE FLEURY:  GOOD MORNING, YOUR HONOR.

15         THE COURT:  GOOD MORNING, MR. FLEURY.  YES, GOOD

16   MORNING.

17             ALL RIGHT.  HERE'S HOW I SEE THINGS RELATIVE TO THE

18   MOTION TO REVISE OR ANNUL THE FINAL SETTLEMENT. FIRST OF ALL,

19   THERE IS A TIMING QUESTION.

20              THERE ARE RULES THAT GOVERN THIS COURT AS TO WHEN YOU

21   CAN MOVE TO CHANGE AN ORDER OR A JUDGMENT, ACTUALLY.  AND

22   NORMALLY UNDER RULE 59 YOU HAVE A CERTAIN NUMBER OF DAYS TO MOVE

23   TO ALTER OR CHANGE THE JUDGMENT. NO MOTION WAS FILED WITHIN THE

24   ROUGHLY 30 DAYS THAT IS REQUIRED.

25              THERE IS A GROUND UNDER RULE 6O (B) IF YOU BELIEVE,
```

1   FOR INSTANCE, THAT YOU NEED RELIEF FROM A JUDGMENT BECAUSE THERE

2   WAS FRAUD OR MISREPRESENTATION OR MISCONDUCT, WHICH SOUNDS LIKE

3   THE GIST OF WHAT YOU ARE SOMEWHAT SAYING HERE AND SAYING THAT

4   THERE WASN'T GOOD FAITH AND FALSE REPRESENTATIONS AND THIS SORT

5   OF THING. BUT THERE'S A ONE-YEAR TIME LIMIT FOR THAT UNDER RULE

6   6O (B) (3), AND NO SUCH MOTION WAS FILED.

7            THERE WAS AN APPEAL. THE APPEAL WAS ULTIMATELY

8   WITHDRAWN, AND AS YOU WILL RECALL THERE WAS A LOT OF BACK AND

9   FORTH BEFORE WE GOT TO THIS FINAL JUDGMENT.  AND SOME THINGS

10  WERE CHANGED, AND I KNOW YOU WEREN'T SATISFIED WITH IT.

11           BUT IN ANY EVENT THAT MEANS THIS MOTION IN MY VIEW IS

12  OUT OF TIME. YOU KNOW, THERE IS A GENERAL CATCHALL PROVISION

13  UNDER RULE 6O (B) (6) WHICH CAN APPLY FOR A LONGER PERIOD OF

14  TIME, BUT THAT ONLY APPLIES IF ONE OF THE OTHER GROUNDS DON'T

15  APPLY.

16           AND HERE TO THE EXTENT THIS SEEMS TO BE BASED ON

17  FRAUD AND MISREPRESENTATION THAT'S ALREADY COVERED BY THE OTHER

18  RULE THAT I MENTIONED.

19           SECOND OF ALL, IT HAS TO BE BROUGHT WITHIN -- YOU

20  KNOW, AS SOON AS POSSIBLE WITHIN A REASONABLE TIME, AND IT'S

21  BROUGHT ONLY UNDER EXTRAORDINARY CIRCUMSTANCES.

22           AND HERE AT THE END OF THE DAY, THE ONLY NEW

23  INFORMATION THAT I HAVE IS THAT SORT OF THE NUMBERS AS THEY HAVE

24  COME BACK THAT SO FEW PEOPLE HAVE APPLIED FROM THE WATCHMAKER

25  CLASS, AND THAT THE NUMBERS OF PEOPLE WHO HAVE BEEN --

1      **THE CLERK:**  WE HAVE TO GET COUNSEL ON THE PHONE.

2      **THE COURT:**  OH, COUNSEL FOR THE AWCI WANTED TO LISTEN

3  IN.

4      (THEREUPON, A PHONE CALL WAS PLACED TO SCOTT

5  GILLIGAN, ESQUIRE.)

6      **MR. GILLIGAN (BY PHONE):**  YES, SCOTT GILLIGAN.

7      **THE CLERK:**  GOOD.  WE'RE STARTING THE MOTION RIGHT

8  NOW.

9      **THE COURT:**  OKAY.  HI, MR. GILLIGAN, THIS IS JUDGE

10  CHEN.  I ACTUALLY STARTED NOT REALIZING YOU WEREN'T ON THE LINE,

11  SO I'LL JUST BRIEFLY RESTATE WHAT I WAS SAYING.

12      I WAS GIVING MY TAKE ON MATTERS WITH RESPECT TO THIS

13  MOTION. ESSENTIALLY, I WAS EXPLAINING WHY I BELIEVE THAT THIS

14  MOTION IS NOT TIMELY, BECAUSE THERE WAS NO RULE 59 MOTION FILED

15  IN TIME.

16      THERE WAS NO RULE 60 (B) MOTION FILED. IT SEEMS TO ME

17  THAT IF RULE 60 (B) WERE TO BE APPLIED, (B) (3), WHICH ALLOWS

18  RELIEF FROM JUDGMENT ON THE BASIS OF FRAUD AND

19  MISREPRESENTATION, MISCONDUCT MAY BE GROUNDS, BUT THAT MOTION

20  NEEDS TO BE BROUGHT WITHIN ONE YEAR.

21      AND THAT I WAS NOW EXPLAINING WHY RULE 60 (B) (6) IS

22  NOT SATISFIED HERE. AND SO THAT IS WHERE WE WERE.

23      **MR. GILLIGAN (BY PHONE):**  OKAY. THANK YOU.

24      **THE COURT:**  AND SO MY VIEW OF THIS MATTER IS THAT

25  THERE'S NO BASIS FOR ANY EXTRAORDINARY RELIEF UNDER 60 (B) (6),

1   AND I WAS SAYING THAT THE NEW INFORMATION BESIDES THE NUMBER OF

2   WATCHMAKERS, MANY OF WHOM, OR PERHAPS ALL, OR MOST OF WHOM ARE

3   NOT TECHNICALLY EITHER HAVE STANDING OR MEMBERS OF THIS CLASS,

4   NONETHELESS HAVE VOICED OBJECTIONS TO THE WAY THINGS HAVE TURNED

5   OUT AND TO THE FACT THAT IT APPEARS NOW, ACCORDING TO THE

6   SETTLING PARTIES' BRIEF, THAT THERE HAVE BEEN NINE APPROVED

7   APPLICANTS AT LEAST FROM FOOTNOTE FOUR.

8            I KNOW THAT NUMBER HAS CHANGED.

9            **MS. GALLAGHER:**  I THINK THAT IS STILL THE SAME

10  NUMBER, ALTHOUGH THE FOUR THAT ARE STILL UNDER CONSIDERATION, I

11  BELIEVE, ARE LIKELY ALSO TO BE APPROVED.

12           **THE COURT:**  ALL RIGHT.  SO WE MAY HAVE AS MANY AS 13,

13  WHICH IS MORE THAN THE THREE OR FOUR, BUT IS FAR SHORT THAN THE

14  IDEAL NUMBER THAT I THINK PEOPLE WERE HOPING FOR. BUT, FRANKLY,

15  THIS DOES NOT COME HAS A SURPRISE, AS A HUGE SHOCK.

16           I THINK IN YOUR EARLY OBJECTIONS, MR. FLEURY, YOU

17  NOTED THAT UNHAPPINESS WITH THE WAY THE STRUCTURE WAS AND THE

18  DISINCENTIVES AND ALL THAT. AND I CONCLUDED THAT, YES, THIS IS

19  NOT A VERY STRONG SETTLEMENT IN TERMS OF THE RELIEF FOR THE

20  WATCHMAKER CLASS, BUT I APPROVED IT, NONETHELESS, BECAUSE THE

21  CASE LAW WAS AGAINST THE PLAINTIFF.  THE MANY PROBLEMS IN TERMS

22  OF THE LITIGATION RISK IN THIS CASE.

23           AND NAMELY THAT THE MODEL THAT WAS USED MAY NOT APPLY

24  HERE, THE THEORY, GIVEN THAT RICHEMONT DOES NOT HAVE A DIRECT

25  OWNERSHIP INTEREST IN THE WATCHMAKERS WHO ARE PART OF THE

1  AUTHORIZED NETWORK.  SO I MAY HAVE IT RIGHT.  I MAY HAVE IT

2  WRONG, BUT I CONCLUDE THAT THE LITIGATION RISK FOR THE PLAINTIFF

3  WAS SO SUBSTANTIAL THERE'S A GOOD CHANCE THEY COULD END UP WITH

4  NOTHING, AND AT LEAST THERE WAS SOMETHING HERE.

5         AND SO, IN SHORT, I DON'T FIND THAT THERE'S A BASIS

6  FOR DISTURBING THE JUDGMENT.

7         **MR. ANDRE FLEURY:**  YOUR HONOR --

8         **MR. SIMON:**  YOUR HONOR, BEFORE MR. FLEURY SPEAKS --

9         **THE COURT:**  YES.

10        **MR. SIMON:**  -- I JUST WOULD LIKE TO INTERPOSE A

11  TECHNICAL OBJECTION. IN TERMS OF WHAT YOU DECIDED OR ANNOUNCED

12  YOUR TENTATIVE DECISION ON THIS, IN TERMS OF HIS STANDING HAS AN

13  OPT-OUT, HE NO LONGER HAS STANDING TO ADDRESS THE COURT ON THIS

14  ISSUE.  AND ALTHOUGH THAT SOUNDS LIKE A TECHNICALITY, IT'S VERY

15  IMPORTANT BECAUSE TWO YEARS HAVE GONE BY, AND ALL OF THESE

16  ARGUMENTS HAVE BEEN MADE BEFORE SO I WOULD RESPECTFULLY REQUEST

17  THAT MR. FLEURY NOT BE PERMITTED TO ADDRESS THE COURT.

18        HE SAID THAT HE IS AN AMICUS, BUT THE ONLY THING YOU

19  SAID IN A FOOTNOTE IN THE FEE ORDER WAS THAT HIS BRIEF WOULD BE

20  CONSIDERED AN AMICUS BRIEF FOR THAT PURPOSE ONLY. HE'S NOT BEEN

21  CONVEYED GENERAL AMICUS STATUS IN THIS CASE, NOR SHOULD HE BE.

22        AND SACHA FLEURY, WHO I BELIEVE IS ALSO HERE TODAY

23  DID NOT EVEN BOTHER TO APPLY.  SO I THINK, ALTHOUGH I KNOW THE

24  COURT TYPICALLY WOULD LIKE TO HEAR FROM ALL PARTIES AND NOT CUT

25  THEM OFF, IN THIS PARTICULAR CIRCUMSTANCE I DON'T THINK HE HAS

1   STANDING TO ADDRESS THE COURT, NOR TO FILE THE MOTION IN THE

2   FIRST PLACE, WHICH IS WHY WE MOVED TO STRIKE IT.

3           **THE COURT:**  NOW, MR. SACHA FLEURY DID NOT OPT-OUT,

4   BUT DID NOT APPLY; IS THAT RIGHT?

5           **MR. SIMON:**  CORRECT.

6           **MS. GALLAGHER:**  THAT IS CORRECT.

7           **MR. SIMON:**  AND HE REMAINED A MEMBER OF THE CLASS.

8   AND HE WAS A MEMBER REPRESENTED BY COUNSEL AT ONE POINT.  AND WE

9   WENT THROUGH THIS WHOLE ISSUE, AND COUNSEL MADE ALL THE SAME

10  ARGUMENTS, AND THEN LOST, AND ASKED FOR FEES, AND THEN WITHDREW.

11  AND THEN, SACHA FLEURY IS IN PRO PER.  HE HAD A FULL OPPORTUNITY

12  TO VOLUNTARILY GO IN AND APPLY.  AND SO HE DIDN'T APPLY. HE

13  REALLY DOESN'T HAVE ANY BASIS TO MAKE THE LIMITED ARGUMENT THAT

14  YOU MIGHT RETAIN JURISDICTION OVER, WHICH IS THE GOOD FAITH OF

15  THE APPLICATION PROCESS.

16          SO, YOU KNOW, AT SOME POINT, WITH ALL DUE RESPECT TO

17  MR. FLEURY, THIS HAS TO STOP. AND HE HAS FILED MANY THINGS WITH

18  THIS COURT. HE'S ORCHESTRATED A LETTER WRITING CAMPAIGN USING A

19  WEB SITE TELLING PEOPLE TO PUT THINGS IN THEIR OWN WORDS IN

20  ORDER TO CONCEAL HIS INVOLVEMENT IN THIS.

21          AND WITH DUE RESPECT, I MEAN, I KNOW HE HAS LOTS OF

22  THINGS TO SAY, BUT I DON'T THINK HE HAS STANDING TO TALK TODAY.

23          **THE COURT:**  ALL RIGHT.

24          **MS. GALLAGHER:**  FOR WHAT IT'S WORTH WE AGREE WITH

25  SETTLING PLAINTIFFS ON THIS POINT.

1    **THE COURT:** ALL RIGHT.  WELL, I'M AWARE OF THE

2  STANDING ISSUE.  AND, IN FACT, YOU MAY NOT HAVE STANDING, MR.

3  FLEURY.  BUT WHETHER IT IS IN THE CAPACITY OF A MAKER OF A

4  MOTION WITH ARGUABLE STANDING OR NOT OR AS AN AMICUS, I'M GOING

5  TO LET YOU TALK, SINCE WE'RE HERE, AT THIS POINT.

6    I DO WANT TO ADD ONE MORE THING, AND THAT'S SOMETHING

7  MR. SIMON REMINDED ME OF, AND THAT IS YOUR ARGUMENT OF BAD FAITH

8  ALSO IS -- IN MY VIEW HAS NO MERIT BECAUSE THE GOOD FAITH THAT'S

9  REQUIRED AND THE ONLY RETENTION OF JURISDICTION OF THIS COURT

10  WAS OVER WHETHER INDIVIDUAL WATCHMAKERS WHO APPLY TO GET INTO

11  THE RICHEMONT NETWORK UNDER THE CRITERIA, SUBJECTIVE CRITERIA

12  THAT YOU OBJECTED TO, THEY ARE PROTECTED BY THE DUTY OF GOOD

13  FAITH.

14    AND THAT WAS A NEGOTIATED POINT, AND I MADE THAT

15  CLEAR WHEN WE MODIFIED OR CLARIFIED THE SETTLEMENT SUCH THAT IF

16  A PARTICULAR WATCHMAKER APPLIED THAT REJECTED AND THOUGHT THEY

17  WERE REJECTED UNFAIRLY AS A MATTER OF BAD FAITH, THEY COULD COME

18  TO THIS COURT FOR JURISDICTION.

19    IT WAS NOT JUST GENERAL GOOD FAITH ABOUT WHETHER THIS

20  WAS A GOOD SETTLEMENT OR BAD SETTLEMENT.  IT WAS ONLY THE VERY

21  PARTICULAR RIGHT, VERY NARROW RIGHT OF SOMEBODY WHO APPLIED,

22  WHICH IS NOT YOUR SITUATION AND NOT SACHA FLEURY'S POSITION,

23  EITHER, SOMEBODY WHO APPLIED AND FELT THEY WERE WRONGLY

24  REJECTED.

25    THAT'S THE ONLY RETENTION OF JURISDICTION.  THAT'S

1   WHAT THE GOOD FAITH IS. IT IS NOT A -- THERE'S NOT A WAY TO

2   REVISIT THE GOOD FAITH BEYOND WHICH I'VE ALREADY TAKEN CARE OF,

3   SO THAT'S THE SECOND OR THIRD GROUND IN ADDITION TO ALL THE

4   OTHER THINGS YOU'VE HEARD.

5            BUT I WILL LET YOU TALK.

6            **MR. ANDRE FLEURY:**  THE REASON THAT NO ONE APPLIED,

7   THE REASON THERE'S ONLY 93 PEOPLE, THE SETTLEMENT APPLICATION

8   WHEN, AS MR. SIMON SAID, OVER 3,000 SHOULD HAVE, IS BECAUSE THE

9   SETTLEMENT AGREEMENT THAT THEY MADE WAS TO OBSTRUCT THOSE PEOPLE

10  TO MAKE THAT APPLICATION.

11           THEY KNEW PERFECTLY WELL BEFORE SENDING IT THEY WERE

12  NOT QUALIFIED. AND IT SHOWS CLEARLY THAT CARTIER SHOWED BAD

13  FAITH TO MAKE SUCH A DESIGN, WHICH WAS AN EVALUATION FORM THAT

14  WILL ABSOLUTELY MAKE THE APPLICATION INVALID.

15           **THE COURT:**  AND I REVIEWED THAT FORM AFTER HEARING

16  ARGUMENTS FROM YOU AND READING IT MYSELF AND HEARING BACK AND

17  FORTH, AND I ULTIMATELY APPROVED THAT FORM KNOWING THAT THERE

18  WERE PEOPLE THAT WERE UNHAPPY WITH THE CRITERION.

19           AND I MADE THAT DECISION. AND IF SOMEBODY WANTED TO

20  APPEAL THAT OR SEEK AN AMENDMENT OF THE JUDGMENT AT THAT POINT

21  THERE WAS A TIME FRAME FOR DOING THAT.

22           IT'S NOW BEEN -- HOW MANY YEARS HAS IT BEEN?  I DON'T

23  REMEMBER.

24           **MR. SIMON:**  TWO.

25           **MS. GALLAGHER:**  TWO.

1    **MR. ANDRE FLEURY:**  NOT QUITE TWO YEARS.  BUT IT'S

2  ALSO IMPORTANT TO KNOW THAT WHEN THAT FINAL SETTLEMENT WAS

3  DESIGNED AND CONSTRUED BETWEEN CARTIER AND MR. SIMON AND

4  SPELLBERG, IT NEVER BEEN SHOWN TO ME.

5    **THE COURT:**  WELL --

6    **MR. ANDRE FLEURY:**  WHO WAS THE PLAINTIFF AND

7  REPRESENTED MY MR. SIMON.

8    **THE COURT:**  WE'VE ALREADY BEEN THROUGH THAT, AS WELL.

9  AND A NOTICE WENT OUT TO  ALL THE CLASS, POTENTIAL CLASS MEMBERS

10  EXACTLY THE TERMS OF THE SETTLEMENT AND EVERYTHING ELSE.

11    I KNOW YOU WERE UNHAPPY WITH THE NEGOTIATION PROCESS,

12  BUT WE'RE WELL BEYOND THAT. YOU ALREADY RAISED THAT POINT

13  BEFORE.

14    **MR. ANDRE FLEURY:**  IF I MAY, YOUR HONOR, IT WAS NOT

15  THE PROCESS, IS THAT THAT FINAL SETTLEMENT WAS NOT SHOWED TO THE

16  PLAINTIFF AND THE CLASS REPRESENTATIVE AT THAT TIME. IT WAS

17  SHOWN TO A CLASS MEMBER IN AN ATTEMPT TO COERCE HIM TO SIGN ON

18  MY BEHALF. SO THAT'S THE IMPORTANT POINT.

19    **THE COURT:**  AND I HEARD THAT ARGUMENT ALREADY, AND I

20  HAVE DEALT WITH THAT.  YOU'VE ALREADY TOLD ME THAT.

21    **MR. ANDRE FLEURY:**  YEAH.

22    **THE COURT:**  I KNEW THAT.  SO THAT'S NOTHING NEW.  AND

23  I KNOW YOU'RE NOT HAPPY WITH IT, BUT, YOU KNOW, THIS WAS

24  APPROVED TWO YEARS AGO. WE'RE ALREADY IN THE PROCESS OF

25  EXECUTING THIS. THE COUPON, PEOPLE HAVE GOTTEN CREDITS.  LOOKS

1    LIKE 4500 PEOPLE HAVE REDEEMED THE CREDITS.  AND ALTHOUGH ONLY

2    93 APPLICATIONS OR SO -- I DON'T KNOW HOW MANY WERE RECEIVED.

3              **MR. ANDRE FLEURY:**  THAT'S TRUE.

4              **THE COURT:**  SOMEWHERE BETWEEN NINE AND 13 PEOPLE WILL

5    HAVE BEEN APPROVED, IT LOOKS LIKE. I CAN UNDERSTAND YOUR

6    DISAPPOINTED -- DISAPPOINTMENT, BUT --

7              **MR. ANDRE FLEURY:**  THERE'S ANOTHER MAJOR POINT, YOUR

8    HONOR, IF I MAY.  I'M NOT REPRESENTING THE CLASS OF THE

9    WATCHMAKERS.  MR. SIMON AND MR. SPELLBERG WERE SUPPOSED TO HAVE

10   BEEN REPRESENTING THE CLASS REPRESENTATIVE, AND THEY DIDN'T DO

11   ANYTHING FOR THEM.  THEY DIDN'T GET ANY ACHIEVEMENT THAT WE CAN

12   SPEAK OF. A HANDFUL OF WATCHMAKERS QUALIFIED. $500,000 IN COUPON

13   VALUE FOR A CASE THAT HE GOT $1.6 MILLION.

14             **THE COURT:**  YOU MADE THAT POINT.

15             **MR. ANDRE FLEURY:**  THERE'S SOMETHING OUT OF

16   PROPORTION HERE.

17             **THE COURT:**  WELL, YOU MADE THAT POINT WHEN YOU

18   OPPOSED IT, AND IT WAS ALSO EXPLAINED TO YOU, AND I EXPLAINED IN

19   MY ORDER ONE REASON WHY I APPROVED THIS SETTLEMENT WAS LOOKING

20   AT THE LITIGATION RISK, WHICH I'VE NOW TRIED TO EXPLAIN TO YOU

21   THREE OR FOUR TIMES.  THAT MAYBE YOU DIDN'T LIKE WHAT IS GOING

22   ON, BUT THAT'S THERE'S A GOOD CHANCE THAT HAD THIS CASE GONE

23   FURTHER IT MIGHT HAVE BEEN THROWN OUT.  THERE IS A CHANCE OF

24   THAT.

25             AND YOU'D HAVE ABSOLUTELY NOTHING AT ALL.  AND ONE

1  HAS TO LOOK AT HOW STRONG THE CASE IS. YOU CAN HAVE A STRONG

2  CASE ON THE MERITS AND STRONG FACTS, YOU GET A BETTER -- YOU

3  KNOW, YOU VIEW THE SETTLEMENT THROUGH ONE LENS.  ON THE OTHER

4  HAND, IF IT'S A TOUGH CASE WITH LOTS OF RISK IT'S DIFFERENT.

5           **MR. ANDRE FLEURY:**  MR. SIMON SAID TO ME SOMETHING

6  VERY CLEARLY, VERY CLEARLY, IS THAT THE EASTMAN KODAK CASE WAS

7  THE EXACT SAME CASE.

8           AND IF YOU REMOVE THE NAME OF "EASTMAN KODAK" AND YOU

9  PUT "CARTIER," AND THEN YOU PUT "WATCHMAKER" INSTEAD OF THE --

10          **THE COURT:**  AND I ACTUALLY ADDRESSED --

11          **MR. ANDRE FLEURY:**  IT IS THE EXACT SAME CASE.

12          **THE COURT:**  NO, IT'S NOT.  AND I ADDRESSED THAT IN MY

13  ORDER.

14          IN MY VIEW -- AND MAYBE I'M WRONG -- IT IS NOT THE

15  SAME CASE.

16          AND I LISTED IN MY ORDER APPROVING THIS A NUMBER OF

17  CASES THAT SHOW WHY EASTMAN KODAK IS NOT THE SAME CASE.

18          AND I'VE LISTENED TO THE OBJECTIONS.  YOU HAD A

19  CHANCE TO APPEAL.  WHOEVER HAD WANTED TO APPEAL COULD APPEAL.

20          AND ANY APPEAL -- THE APPEAL WAS WITHDRAWN AS FAR AS

21  I RECALL, AND SO IT IS A FINAL JUDGMENT. AT SOME POINT WE HAVE

22  TO PUT THINGS TO BED.

23          AND UNDER THE LAW, THAT APPLIES.

24          THAT'S WHY THERE ARE TIME DEADLINES AND RESTRICTIONS

25  AS TO WHO CAN BRING CHALLENGES, ET CETERA.

1        BUT WE'RE PAST THE DATE.

2            **MR. ANDRE FLEURY:**  THAT'S CORRECT, YOUR HONOR.  BUT

3   WASN'T IT THE DUTY OF MR. SPELLBERG AND SIMON TO PROTECT AND TO

4   ACHIEVE THE BEST FOR THE PEOPLE THAT THEY REPRESENT, GET PAID

5   FOR?

6            THEY DIDN'T SHOW UP. THEY ARE THE ONE WHO SHOULD HAVE

7   PUT THE MOTION IN TIMELY AND WHEN --

8            **THE COURT:**  I ORDERED THAT THE SETTLEMENT THAT THEY

9   NEGOTIATED WAS A FAIR SETTLEMENT IN LIGHT OF THE CIRCUMSTANCES.

10  AND YOU MAY DISAGREE WITH THAT, BUT THAT'S WHERE IT STANDS SO

11  I'M GOING TO DENY THE MOTION.

12           I'M ALSO GOING TO DIRECT THAT, YOU KNOW, THERE NOT BE

13  ANY FURTHER MOTIONS WITHOUT FIRST ASKING THE COURT, BECAUSE WE

14  KEEP COMING BACK HERE.

15           WE'VE COME BACK TIME AFTER TIME AFTER TIME.

16           UNLESS THERE'S A DECENT GROUND -- AND I WILL LAY OUT

17  IN MY ORDER WHAT THE TIME FRAMES ARE, AND WHAT MUST BE SHOWN AND

18  WHO CAN BRING IT.

19           AND I JUST DON'T SEE, ESPECIALLY NOW THAT THE

20  SETTLEMENT IS ALREADY -- YOU KNOW, IF IT WAS BEFORE WE ACTUALLY

21  PUT THE SETTLEMENT IN PLAY AND ACTUALLY PERFORMED IT, MAYBE

22  THAT'S ONE THING.

23           BUT NOW IT'S ALREADY BEEN PERFORMED?  IT'S BEEN PAID.

24  PEOPLE HAVE RELIED ON IT.

25           IT'S TOO LATE FOR THAT.

1      **MR. ANDRE FLEURY:** BUT THERE MAY BE ANOTHER ASPECT TO

2   THIS, YOUR HONOR. HOW CAN WE DO ANYTHING BEFORE WE KNOW THE

3   RESULT OF THE --

4      **THE COURT:** AS YOU DID DO, YOU OBJECTED BECAUSE YOU

5   FORESAW THIS WAS NOT GOING TO BE --

6      **MR. ANDRE FLEURY:** YES.

7      **THE COURT:** AND YOU RAISED ALL QUESTIONS AND YOU

8   FORESAW THAT A LOT OF PEOPLE WERE NOT GOING TO BE INTERESTED IN

9   PARTAKING. YOU DIDN'T LIKE THE CRITERIA, ET CETERA, ET CETERA.

10  AND WE DID THE BEST WE COULD TO MAKE THIS A FAIR SETTLEMENT IN

11  MAKING CERTAIN ADJUSTMENTS, BUT NOT ALL ADJUSTMENTS.

12      AND SO THAT AT THIS POINT HAS BEEN SOMETHING THAT WE

13  HAVE ALREADY DEALT WITH.

14      AND AT SOME POINT, YOU KNOW, A DECISION HAS GOT TO BE

15  MADE AND A DECISION WAS MADE.

16      **MR. ANDRE FLEURY:** BUT IT'S SAD FOR THE WATCHMAKER,

17  YOUR HONOR.

18      **THE COURT:** WELL, I SHARE YOUR DISAPPOINTMENT, AND I

19  WAS HOPING THAT MORE PEOPLE WOULD APPLY AND WE'D HAVE A MORE

20  ROBUST SHOWING, AND -- BUT IT IS WHAT IT IS AT THIS POINT.

21      **MR. ANDRE FLEURY:** YEAH. IT WAS, YOU KNOW,

22  DEFINITELY, TO CONCLUDE, A COMPLETE LACK OF REPRESENTATION BY

23  MR. SIMON AND SPELLBERG.

24      **THE COURT:** WELL, I DIDN'T FIND THAT. I FOUND THIS

25  WAS A FAIR SETTLEMENT. IT MIGHT NOT HAVE BEEN THE BEST OUTCOME

1   BUT THAT'S WHAT IT IS.

2            **MR. ANDRE FLEURY:**  AND MISLEADING.

3            **MR. SIMON:**  I WOULD LIKE TO RAISE ONE OTHER POINT,

4   YOUR HONOR.  THIS IS PROBABLY THE FOURTH TIME THESE ARGUMENTS

5   HAVE BEEN MADE GOING BACK TO 2007. THE RECORD CONTINUES TO BE

6   PEPPERED BY MR. FLEURY AND SACHA FLEURY WITH DOCUMENTS THAT ARE

7   INFLAMMATORY AND, IN OUR VIEW, CONTRARY TO THE COURT'S PREVIOUS

8   ORDERS.

9            AND AS YOU KNOW, THIS IS THE SECOND TIME THAT A

10  WEBSITE INTERNET CAMPAIGN HAS BEEN LAUNCHED BY MR. FLEURY TO

11  DISPARAGE THE SETTLEMENT, DISPARAGE COUNSEL AND DISPARAGE THE

12  COURT PROCEEDINGS.

13           I WOULD RESPECTFULLY SUGGEST TO YOU THAT IF THERE IS

14  A LACK OF APPLYING BY WATCHMAKERS THE THREE YEARS OF HIM

15  DISPARAGING THE SETTLEMENT IS A MAJOR CONTRIBUTING FACTOR TO

16  THAT, BUT THAT DOESN'T HAVE TO BE DECIDED TODAY.

17           BUT ONE THING THAT HAS TO STOP ALSO IS CONTINUING TO

18  PUT THINGS IN THIS COURT RECORD IN A CLOSED FILE THAT DISPARAGE

19  US AND DEFENSE COUNSEL AND THE COURT.  AND I THINK MR. FLEURY,

20  IF I COULD RESPECTFULLY ASK THE COURT TO DO SO, NOT ONLY WOULD

21  HAVE TO ASK THE COURT TO FILE ANYTHING ELSE, BUT I WOULD

22  RESPECTFULLY ASK THE COURT TO ASK MR. FLEURY NOT TO PUT ANYTHING

23  FURTHER IN THE COURT FILE, NOT TO HAVE ANY LETTERS SENT, NOT TO

24  DO SOMETHING ALONG THE LINES OF WHAT WE'VE SEEN ALREADY.

25           **THE COURT:**  WELL, I'M GOING TO DIRECT THE CLERK'S

1    OFFICE NOT TO ACCEPT ANY FILING UNLESS IT'S A PROFILING.  SO YOU

2    CAN'T JUST SEND LETTERS IN AND GET IT FILED AT THIS POINT.  IT'S

3    GOT TO BE IN CONJUNCTION WITH AN APPROPRIATELY FILED MOTION,

4    WHICH WILL BE THE SUBJECT OF MY ORDER RESTRICTING THAT ABSENT --

5              **MR. ANDRE FLEURY:**  I OBJECT, YOUR HONOR, TO THAT

6    STATEMENT.  THIS IS AGAIN COMPLETELY FALSE.

7              IF MR. SIMON AND SPELLBERG LIED TO ALL OF US, I'M NOT

8    RESPONSIBLE. THAT'S THEIR OWN DOING.

9              **THE COURT:**  WELL --

10             **MR. ANDRE FLEURY:**  AND I'M NOT GOING TO GO BACK ON

11   THIS.

12             **THE COURT:**  YOU CAN DO WHAT YOU WANT --

13             **MR. ANDRE FLEURY:**  YES.

14             **THE COURT:**  -- OUTSIDE THE COURT.

15             AND I DON'T HAVE THE AUTHORITY, AND I WOULD NOT UNDER

16   THE FIRST AMENDMENT TELL YOU WHAT YOU CAN PUT --

17             **MR. ANDRE FLEURY:**  THANK YOU.

18             **THE COURT:**  -- ON A WEBSITE AND ALL THAT.

19             **MR. ANDRE FLEURY:**  THANK YOU.

20             **THE COURT:**  BUT I DO HAVE THE AUTHORITY TO SAY WHAT

21   CAN BE FILED IN THE COURT.

22             **MR. ANDRE FLEURY:**  YES.

23             **THE COURT:**  AND I'M SAYING AT THIS POINT ALL GOOD

24   THINGS MUST COME TO AN END.

25             THERE IS NOT GOING TO BE ANYMORE MOTIONS UNLESS YOU

1   FIRST GET PERMISSION FROM ME.

2              **MR. ANDRE FLEURY:**  I WILL DEFINITELY DO SO.

3              **THE COURT:**  AND NO STRAY FILINGS AND THAT SORT OF

4   THING, ALL RIGHT?

5              **MR. ANDRE FLEURY:**  BUT --

6              **THE COURT:**  THESE --

7              **MR. SIMON:**  AND, YOUR HONOR --

8              **MR. ANDRE FLEURY:**  HOLD ON.

9              **THE COURT:**  SO LET HIM FINISH.

10             **MR. SIMON:**  I'M SORRY.

11             **MR. ANDRE FLEURY:**  BUT IF MR. SIMON CHOOSE THAT WAY

12  OF SPEAKING AND MISLEADING, HE SHOULD NOT BE AFRAID, YOU KNOW,

13  TO CONFRONT THE FACT, AND NOT JUST SAY WHAT HE DID HE DID.

14  THAT'S EASY TO SAY IT.

15             THE FACTS IS OPPOSITE.

16             THE LIES ARE IN THE MOTION.  THEY ARE WRITTEN.  IT'S

17  EXACTLY WHAT MR. SIMON SAID.

18             WHEN MR. SIMON SAID THAT WE MADE $21.5 MILLION HE

19  KNEW PERFECTLY WELL IT WAS UNTRUE.

20             IT NEVER HAPPENED.  IT WAS UNTRUE FROM DAY ONE, YOU

21  KNOW?

22             **THE COURT:**  THAT'S NOT MY JURISDICTION SO I'M NOT

23  GOING TO GET --

24             **MR. ANDRE FLEURY:**  OF COURSE NOT.

25             BUT THIS IS JUST TO KEEP THE RECORD STRAIGHT.

1          THANK YOU, YOUR HONOR.

2          **MR. SIMON:**  THANK YOU, YOUR HONOR.

3          WE WOULD REQUEST TO, JUST WHEN YOU ISSUE YOUR ORDER,

4  THAT WE DID MOVE TO STRIKE THE MATERIALS AND ASK IN THE

5  ALTERNATIVE THEY BE SEALED BECAUSE OF THE DISPARAGING NATURE OF

6  THEM.

7          AND SO IF THE COURT WOULD CONSIDER THAT, AS WELL.

8          **THE COURT:**  I WILL CONSIDER THAT.

9          I'M RELUCTANT TO SEAL A MATTER.  ONCE THINGS ARE

10  FILED WITH THE COURT IF THEY HAVE ANY SEMBLANCE TO DO WITH ANY

11  PENDING MOTION, THERE ARE OVERARCHING FIRST AMENDMENT CONCERNS,

12  AS WELL, AND IT HAS TO BE --

13          **MR. SIMON:**  BUT THE FIRST AMENDMENT DOESN'T COVER

14  DEFAMATION, WHICH MANY OF THESE STATEMENTS ARE.

15          AND MR. FLEURY CONTINUES TO PARTICIPATE IN A CAMPAIGN

16  OF DEFAMATION.

17          **THE COURT:**  WELL, I'M LOOKING TOWARD THE FUTURE TO

18  PREVENTING FURTHER PROLIFERATION OF THIS --

19          **MR. SIMON:**  THANK YOU.

20          **MR. ANDRE FLEURY:**  JUST FOR THE RECORD, YOUR HONOR, I

21  OBJECT TO THAT, ALSO.

22          THANK YOU SO MUCH.

23          **THE COURT:**  THANK YOU ALL.

24          **THE CLERK:**  COURT IS IN RECESS.

25          **MR. ANDRE FLEURY:**  THANK YOU, YOUR HONOR.

1      **MR. SIMON:**  THANK YOU, YOUR HONOR.

2      **MS. GALLAGHER:**  THANK YOU, YOUR HONOR.

3      (THEREUPON, THIS HEARING WAS CONCLUDED.)

4                    CERTIFICATE OF REPORTER

5      I, KATHERINE WYATT, THE UNDERSIGNED, HEREBY CERTIFY

6  THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED

7  SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED BY ME INTO

8  TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE

9  RECORD OF SAID PROCEEDINGS.

10      I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR

11  ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING

12  PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE

13  OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

14      THE FEE CHARGED AND THE PAGE FORMAT FOR THE

15  TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL

16  CONFERENCE.

17      IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS

18  7TH DAY OF JULY, 2010.

19

20

21      _____

22           /S/ KATHERINE WYATT

23

24

25

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (925) 212-5224