UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE FLEURY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RICHEMONT NORTH AMERICA, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C-05-4525 EMC<br><br>**ORDER DENYING ANDRE FLEURY'S REQUEST FOR LEAVE TO FILE MOTION TO ANNUL SETTLEMENT**<br><br>**(Docket No. 470)** |

　　　　Previously, Sacha Fleury, one of the members of the watchmaker subclass, moved to revise or annul the class action settlement in this case. Andre Fleury, who was the original plaintiff in the action but who was never designated a class representative in the suit and who ultimately chose to opt out of the settlement, joined his son's motion as an amicus. The Court denied the motion in July 2010. In its order denying the motion, the Court also deemed it appropriate to require Andre Fleury to obtain permission from the Court prior to filing a new document in the action. *See* Docket No. 468 (Order at 9). Andre Fleury now seeks permission to file a second motion to annul the class action settlement. Having considered Andre Fleury's papers as well as all other evidence of record, the Court hereby **DENIES** his request for relief.

　　　　As a preliminary matter, the Court notes that Andre Fleury lacks standing to contest the settlement. As noted above, he opted out of the settlement. While the Court previously entertained Andre Fleury's comments as an amicus, that was because there was a member of the watchmaker subclass – his son – who was moving for relief. Here, neither Sacha Fleury nor any other member of

the watchmaker subclass has moved to annul the settlement. Accordingly, Andre Fleury's request for permission to file a motion to annul is properly denied.

Even if the Court were to consider the merits of Andre Fleury's motion, he would fare no better. According to Andre Fleury, the settlement should be annulled because (1) Defendant has, without permission, replaced the evaluation form to be used to evaluate watchmaker applicants; and (2) class counsel, in particular, Mr. Simon and Mr. Spellberg, have engaged in deceitful or fraudulent conduct. Both arguments are without merit.

Regarding the first argument, the Court notes that the evaluation form posted on the watch repair settlement website is the same evaluation form that was part of the settlement agreement. *Compare* http://www.watchrepairsettlement.com/forms.php3 (last visited 11/30/2010), with Docket No. 180 (Gallagher Decl., Ex. E). While Andre Fleury has submitted as Exhibit A a document that does appear to be different from the evaluation form that was part of the settlement agreement,[1] there is no evidence indicating that a member of the watchmaker subclass has actually been subjected to that new evaluation form. Notable, there is nothing in the settlement agreement that bars Defendant from using a different evaluation form for a person who is not part of the watchmaker subclass. In fact, the settlement agreement actually gives Defendant freedom to use a different evaluation form for a member of the watchmaker subclass should he or she fail to timely apply to become part of Defendant's authorized repair network. *See* Docket No. 156 (Ex. 1) (Sett. Agreement ¶ 1.21) (defining "Watchmaker Applicant" as one who is "a member of the Watchmaker Settlement Sub-Class . . . *and* which applies to Defendant within six months from the date of Final Court Approval to become an authorized repair workshop") (emphasis added).

As for the second argument, it is largely a rehash of charges previously made by Andre Fleury and/or his son against class counsel. As the Court has previously stated, those charges against counsel are not warranted. *See* Docket No. 468 (Order at 8).

As a final point, the Court notes that Andre Fleury is actually asking for more than just an annulment of the settlement. Rather, he seeks a permanent injunction barring Defendant from

---

[1] For purposes of this opinion, the Court assumes that this new evaluation form is a true and correct copy of a document authored by Defendant.

requiring any watchmaker to pass test in order to obtain parts from Defendant.  Andre Fleury has failed to establish that he is entitled to such dramatic relief.

For the foregoing reasons, Andre Fleury's request for permission to file a motion to annul the settlement is denied.

This order disposes of Docket No. 470.

IT IS SO ORDERED.

Dated:  December 1, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3